[No. 30900.  Department Two.  May 2, 1950.]

MARTIN J. PETERSEN, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al., Respondents.*[1]

*Walthew, Gershon, Yothers & Warner,* for appellant.

*The Attorney General* and *J. Arnold Cobley, Assistant,* for respondent department of labor and industries.

*B. Franklin Heuston,* for respondent employer.

[1]Reported in 217 P. (2d) 607.

MALLERY, J.—This appeal is from a judgment for the department of labor and industries entered on a motion for nonsuit at the close of claimant's case upon his appeal to the superior court.

On January 26, 1934, appellant, a logger, scratched his *left* hand, which subsequently became infected. He consulted Dr. H. L. Kennedy, of Shelton, who hospitalized him and treated the infection, which had spread to his forearm. The department paid him time loss, and his claim was closed without disability award February 18, 1934, when he returned to work. At this time, he did not have neuritis.

For the next twelve years, appellant was employed on various jobs requiring use of his hands and arms. In 1937, he suffered pain in his left arm, which became progressively more debilitating. In 1942, he suffered a buzz saw wound, requiring several stitches in his left forearm.

On July 25, 1946, after previously consulting his attorney, and for the purpose of establishing a medical foundation to reopen his claim, appellant was examined again by Dr. Kennedy, who had not seen him during the intervening twelve years. His application to reopen his claim was denied by the joint board, and he appealed to the superior court.

Dr. Kennedy's diagnosis of neuritis in the left arm was based on (1) the examination of July 25, 1946, (2) the doctor's knowledge of the 1934 injury and infection, and (3) appellant's account of his subjective symptoms over the intervening years. Appellant may or may not have informed the doctor of his buzz saw injury.

We quote a portion of Dr. Kennedy's direct testimony, which shows the basis for his medical opinion:

"Q. And you felt that the neuritis, doctor, was—what was that caused by? A. Well, I felt that possibly could have been caused by his injury, *because the history was that the arm had bothered him ever since the injury*, and that probably was due to the injury. . . . Q. And did this neuritis have any connection with the infection, in your opinion? A. Well, yes, I thought so. That's why I recommended reopening of the claim." (Italics ours.)

On cross-examination, the question was put to the doctor:

"Q. Doctor, which do you mean, *possibly* that this condition which was described to you, and of which there is no physical evidence outside of the testimony and complaints, was due to the original injury, or *probably* it was? [Colloquy.] A. *Well, chiefly from the history and in the absence of physical findings that this man had trouble with the arm ever since the accident,* I thought probably it was due to the accident. . . .

"Q. (continuing)—How can we say with any probability there is a cause and effect between the original injury and the present condition? [Objection by counsel.] A. Why don't you ask me how I can be sure of anything. I can't be sure. The [?] probably was *from the history of continuous trouble since the original injury.*" (Italics ours.)

The single assignment of error is that the trial court erred in granting a motion for nonsuit on the ground that the appellant's evidence was insufficient to go to the jury.

■ A claim for aggravation is not sustained where it is based upon subjective symptoms alone. *Cooper v. Department of Labor & Industries,* 20 Wn. (2d) 429, 147 P. (2d) 522; *Anderson v. Department of Labor & Industries,* 23 Wn. (2d) 76, 159 P. (2d) 397; *Larson v. Department of Labor & Industries,* 24 Wn. (2d) 461, 166 P. (2d) 159; *Karlson v. Department of Labor & Industries,* 26 Wn. (2d) 310, 173 P. (2d) 1001.

■ Conclusions as to the health and capacity of a claimant lie in the realm of medical knowledge. *Taylor v. Modern Woodmen of America,* 42 Wash. 304, 84 Pac. 867; 20 Am. Jur. 722, § 862. We have not been concerned with the credibility of the medical witnesses, since expert and lay witnesses are treated alike as to that. The chief source of our recurring problem, on the question of medical testimony in industrial insurance cases, is found in the fact that one rule applies when the medical testimony is given by a doctor who examines a patient for the purpose of treating him, while a different rule applies when the testimony is given by a doctor who examines an individual for the sole purpose of qualifying himself to be a witness as to a person's physical condition. This presents a question of the competence of such

evidence in each case, because the element of *hearsay* always inheres in medical conclusions.

All doctors take the history of their patients, when it is needed to arrive at a correct diagnosis. Their own skilled observations, aided by the best medical equipment, lead only to objective findings. They cannot clinically observe a pain or a functional disorder. Such subjective symptoms must be related to them by the patient, or by someone on his behalf, and are frequently indispensable to a correct diagnosis and course of treatment.

The doctor receives the statement of these subjective symptoms informally, and they are not given under oath, nor does he attempt to rebut them. The self-interest of the patient is a sufficient guarantee of the trustworthiness of such statements, where the examination is made for the purpose of treatment. Thus, it is the universal rule that, if the doctor who treats a patient later becomes a witness, he may testify as to his medical conclusions, which may be based substantially on subjective symptoms which are in the realm of hearsay. This is a recognized exception to the hearsay rule of evidence. *Foulkrod v. Standard Accident Ins. Co.,* 343 Pa. 505, 23 A. (2d) 430; 67 A. L. R. 10.

The reason for this exception to the rule disappears instantly, when the examination is not made within the doctor-patient relationship for the purpose of treatment, but is made only for the purpose of qualifying the doctor as a witness. Under such circumstances, a claimant may, in describing his symptoms to the doctor, paint a dark picture. He may think his best interest will be served by exaggeration and fabrication of symptoms. Hence, medical conclusions based upon these statements, which were not given under oath or subject to cross-examination, violate the hearsay rule and are not admissible. *Cooper v. Department of Labor & Industries, supra; Roellich v. Department of Labor & Industries,* 20 Wn. (2d) 674, 148 P. (2d) 957.

If the claimant desires subjective symptoms to be available to him in support of his cause of action, where he has not been treated for them, he must introduce testimony

concerning them which can be subjected to cross-examination and rebuttal. Thus, an issue of fact is submitted to the trier of the facts, and expert-opinion answers to hypothetical questions based thereon will stand or fall according to how the issue of fact is resolved. The doctor who examines the party only for the purpose of qualifying as a witness, is limited in his testimony to objective findings and the answering of hypothetical questions.

In the instant case, the claimant visited the doctor after an absence of twelve years, not for the purpose of treatment but to qualify the doctor as a witness. As a basis of opinion evidence, the *ex parte* history of the twelve intervening years falls under the ban of the hearsay rule. The trial court will exercise a sound discretion as to the admissibility of medical conclusions in cases where it is made to appear that a patient had a motive in addition to, or in place of, that of treatment. See *Roellich v. Department of Labor & Industries, supra; Larson v. Department of Labor & Industries,* 24 Wn. (2d) 461, 166 P. (2d) 159; 2 Jones on Evidence (4th ed.) 706, § 376.

The doctor's evidence was incompetent and, even if that point be waived, it had too little materiality, under the circumstances, to overcome the *prima facie* correctness of the departmental ruling. *LaLone v. Department of Labor & Industries,* 3 Wn. (2d) 191, 100 P. (2d) 26.

The judgment is affirmed.

SIMPSON, C. J., ROBINSON, HILL, and HAMLEY, JJ., concur.

---

June 13, 1950. Petition for rehearing denied.