910

[No. 32257. Department One. July 22, 1953.]

MARN C. HOLDEN, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*Wettrick, Flood & O'Brien* and *Clarence A. Lirhus*, for appellant.

*The Attorney General* and *Donald L. Holman, Assistant*, for respondent.

OLSON, J.—The question in this case is whether or not the trial court invaded the province of the jury, in an appeal from the board of industrial insurance appeals, in ruling upon motions to strike the cause from the jury calendar and to dismiss the appeal upon a demurrer to the evidence. The trial court properly followed the procedure

[1]Reported in 259 P. (2d) 642.

approved in *Petersen v. Department of Labor & Industries,* 40 Wn. (2d) 635, 640, 245 P. (2d) 1161 (1952), and case cited. It considered the entire departmental record in ruling upon the motions. It is economical, efficient, and proper for the court to so proceed before a jury is impaneled in these cases. It is always the duty of the court to take a case from the jury when the most favorable construction of the evidence, and the reasonable inferences to be drawn from it, will not sustain a verdict for the opponent of the moving party. *Ibid.*

But, from the statement of this rule, the limitations upon the court are apparent. If they are not observed, the court invades the province of the jury, contrary to the statute which lodges in the jury the decision of controverted issues of fact in these appeals. RCW 51.52.115; *Alfredson v. Department of Labor & Industries,* 5 Wn. (2d) 648, 652, 105 P. (2d) 37 (1940); *Roellich v. Department of Labor & Industries,* 20 Wn. (2d) 674, 680, 148 P. (2d) 957 (1944), and cases cited.

That was the result in this case. While we might agree with the findings of fact made by the trial court, it is not within our province to consider them, and we need not relate the evidence in detail. It is sufficient to say that there is room for a reasonable difference of opinion upon the conflicting evidence on the issues of whether or not claimant was a workman under the workmen's compensation act, and the existence of the relationship of employer and employee for which he contends. There is sufficient substantial evidence not only to sustain claimant's contention that he has a right to the decision of a jury on the facts, but also to support a verdict if it be in his favor.

The order of dismissal must be and is reversed, and the case remanded for a jury trial.

GRADY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.