[No. 32787. Department One. December 23, 1954.]

PHILIP C. DAYTON, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

'Reported in 278 P. (2d) 319.

*Walthew, Oseran & Warner,* for appellant.

*The Attorney General* and *Harold J. Hunsaker, Assistant,* for respondent.

FINLEY, J.—This is an industrial insurance appeal. Plaintiff's claim was rejected by the department and, on appeal, by the board of industrial insurance appeals. The plaintiff workman then appealed to the superior court. There, a motion was interposed attacking the sufficiency of the workman's evidence to establish a causal relationship between his claimed disability and his extrahazardous employment. The motion was granted, and the case dismissed. The workman has appealed.

In *Petersen v. Department of Labor & Industries,* 40 Wn. (2d) 635, 640, 245 P. (2d) 1161, we stated that an appeal from the board brings up the entire record for review in the superior court, and that the opportunity then exists for the parties to present the record to the court ". . . for the purpose of having rulings made upon objections to the evidence, motions to strike, motions for dismissal or nonsuit . . ." We are not advised that any objection to evidence or motions to strike were before the superior court. Consequently, we will assume that the entire record before the board is now before us in reviewing the motion to dismiss. Relative to the motion to dismiss, attacking the sufficiency of the evidence to support the workman's cause of action, we are required by the applicable rule of procedure to review the evidence, and all reasonable inferences therefrom, *in the light most favorable to the plaintiff.* In *Mutti v. Boeing Aircraft Co.,* 25 Wn. (2d) 871, 877, 172 P. (2d) 249, the court said:

"A challenge to the sufficiency of the evidence, or a motion for nonsuit, admits the truth of the plaintiff's evidence and all inferences which reasonably can be drawn therefrom, and requires that the evidence be interpreted most strongly against the defendant, and in the light most favorable to plaintiff. In the determination of such challenge or motion, even though the plaintiff's evidence is in some respects unfavorable to him, he is not bound by the unfavor-

able portion of such evidence, but is entitled to have his case submitted to the jury on the basis of the evidence which is most favorable to his contention."

Appellant workman testified that for the greater part of September 7 and 8, 1950, he was employed by Joslyn Pacific Co. to aid in unloading a boxcar. The unloading of the boxcar was completed on September 8th. The appellant thereupon was assigned to a job of piling and sorting "small boxes of rivets and bolts," weighing about sixty pounds. He testified:

". . . and that was very hard work for me to do, to bend down so low and pick up these little boxes. I was all right as long as I could stand up, but I had to force myself when I bend over to pick up, but I put the day in anyway and I didn't feel so bad that night, you know. Kind of stiff, lame, but Saturday and Sunday then I began to notice it and Monday, well, I put in, I went up to the doctor."

When questioned in effect as to whether he felt any sudden pain or strain, appellant answered that he felt "a few twitches" as he was picking up one of the boxes of rivets shortly before quitting time. In *Merritt v. Department of Labor & Industries*, 41 Wn. (2d) 633, 639, 251 P. (2d) 158, we reiterated our holding in *McCormick Lbr. Co. v. Department of Labor & Industries*, 7 Wn. (2d) 40, 108 P. (2d) 807:

" 'An accident arises out of the employment when the required exertion producing the accident is too great for the man undertaking the work, *whatever the degree of exertion or the condition of the workman's health.*' "

In *Petersen v. Department of Labor & Industries, supra,* we said:

"An incapacity due to the relatively slow and insidious inroads of a progressive and apparently incurable disease, does not satisfy the requirement of the statute. *Higgins v. Department of Labor & Industries*, 27 Wn. (2d) 816, 180 P. (2d) 559.

"The 'traumatic nature' of the 'tangible happening' (barrel rolling), in this case, is not readily apparent. However, our decisions, under the doctrine of *stare decisis*, unmistakably dispense with the showing of an external physical

violence. *Metcalf v. Department of Labor & Industries,*
168 Wash. 305, 11 P. (2d) 821; *McKinnie v. Department of
Labor & Industries,* 179 Wash. 245, 37 P. (2d) 218; *McCormick Lbr. Co. v. Department of Labor & Industries,* 7. Wn.
(2d) 40, 108 P. (2d) 807; *Sumerlin v. Department of Labor
& Industries,* 8 Wn. (2d) 43, 111 P. (2d) 603; *Guiles v. Department of Labor & Industries,* 13 Wn. (2d) 605, 126 P.
(2d) 195."

Appellant testified that he went to the office of his doctor
on the Monday following the alleged injury, but that his
doctor was not in and was not available to examine or
treat him until September 25, 1950. Dr. C. C. Tiffin testified
that he had been appellant workman's physician for many
years; that he examined him on September 25, 1950; that
the patient could not stoop over or do other exercises normally done by him; that, in his examination of the workman on the aforementioned date, he found a new condition
or injury had occurred. Relative to the matter of causal
relationship between (a) the workman's condition when
examined by the doctor, and (b) some happening of a significant nature in connection with the extrahazardous employment by Joslyn Pacific Co., Dr. Tiffin was questioned
specifically as follows:

"Q. Doctor, based upon your previous treatment and
physical examinations of this man, the history that you received from him relative to his injury on September 8th,
1950, and the following or subsequent examination that you
made relative to the particular injury of September 8,
1950, can you form an opinion as to whether or not his condition was caused by the injury that he allegedly received
while employed on September 8, 1950? . . . A. Yes, I
was definitely of the opinion that the man had some sort
of an injury, something had happened to him which had
definitely changed him. . . . Q. Were the findings that
you made, Doctor, on physical examination, *consistent* with
the type of injury that this man gave you, that he said he
received in the course of his employment? A. Yes, very
consistent." (Italics ours.)

■ In *Stampas v. Department of Labor & Industries,*
38 Wn. (2d) 48, 227 P. (2d) 739, we said:

"The probability of a causal connection between the industrial injury and the subsequent physical condition, must be established by the testimony of medical experts."

and

"Medical testimony that there is a *possibility* of a causal relation is not sufficient to establish causation. It must be made to appear that the injury *probably* caused the disability."

■ It seems to us that the statements made by Dr. Tiffin as to the matter of causal relationship meet the test of probability outlined in the *Stampas* case, *supra*, as quoted hereinbefore.

Counsel for the department contend that no questions were asked of Dr. Tiffin, and that he did not testify as to any knowledge on his part of what happened to the appellant workman in the nature of an industrial accident during the afternoon of September 8, 1950. However, the questions quoted hereinbefore assumed such knowledge on the part of Dr. Tiffin. They were answered by him on that basis and without any objection along the line of the contention now being made here by counsel for the respondent. In view of this, we are not impressed by the argument of counsel for the department.

As stated above, we believe that the questions put to Dr. Tiffin and his answers (giving to the language used its ordinary interpretation), meet the test of the *Stampas* case regarding causal relationship. In other words, the doctor's testimony, if interpreted in a reasonable lay sense, as it should be (because the doctor was not a trained, *legal* technician, and we assume was not coached improperly by appellant's counsel), indicated the doctor was of the opinion that there was a probable connection between his findings of disability in his patient and the alleged industrial accident. We say this, particularly in view of the procedural rule that, on a motion for nonsuit, plaintiff's *evidence*, and *all reasonable inferences therefrom*, must be construed in the light most favorable to him. However, our decision is

limited strictly to the procedural aspect of this case as it is now before us. We certainly are not called upon to predict that the verdict of the jury will be favorable to appellant after a full-scale trial of this matter. We are merely convinced that the workman in the instant case has not had his full day in court, procedurally; and that the judgment must be reversed, and the cause remanded for further proceedings. It is so ordered.

GRADY, C. J., MALLERY, HAMLEY, and OLSON, JJ., concur.