[No. 33314. Department Two. October 27, 1955.]

MARTHA M. RODE, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

*Clarence J. Coleman*, for appellant.

*The Attorney General* and *Haydn H. Hilling, Assistant*, for respondent.

PER CURIAM.—The issue here, on the application of Martha M. Rode to the department of labor and industries for a widow's pension, is whether there was any causal connection between her husband's employment and the coronary thrombosis which caused his death. The issue presented is factual and has three times been decided adversely to Mrs. Rode, first by the supervisor of industrial insurance, next by the board of industrial insurance appeals, and then by the superior court for Snohomish county. Our determination of that issue is likewise adverse.

[1] Reported in 289 P. (2d) 354.

It is conceded that Mrs. Rode's husband died at his place of employment during the hours of employment, and that his death was caused by coronary thrombosis. From the autopsy, it was apparent that such a thrombosis might have occurred anywhere at any time. It is Mrs. Rode's theory that, in the course of his employment, her husband had closed a sliding door which required more than ordinary effort to move, and that this exertion precipitated the coronary thrombosis which caused his death.

▇ A causal relationship between some shock or exertion in the course of employment and the death of the workman must be established before the widow is entitled to a pension. *Olympia Brewing Co. v. Department of Labor & Industries* (1949), 34 Wn. (2d) 498, 502, 208 P. (2d) 1181; *Cyr v. Department of Labor & Industries* (1955), p. 92, 95, 286 P. (2d) 1038. Mrs. Rode sought to do this by the testimony of Dr. W. D. Smith, who, in response to a hypothetical question, testified that in his opinion there was such a causal relationship.

We have no criticism of the hypothetical question, as the jury could have found the facts to be as stated therein; but cross-examination developed that the doctor based his opinion upon misconceptions of the facts as stated and upon certain assumptions which had no support in the question or in the evidence, particularly the assumption that Mr. Rode died immediately following the exertion of closing the sliding door. The hypothetical question fixed the time of death at some twenty-four to thirty-five minutes after Mr. Rode had put forth the effort necessary to close the door. The doctor erroneously assumed that Mr. Rode had opened the door within fifteen or twenty minutes of his death and that his death occurred immediately after he closed it. Speaking of the latter assumption, the trial judge, in announcing his decision to take the case from the jury, said:

"I can't escape the conclusion that the doctor's erroneous impression of the facts destroyed the probative force of his testimony with regard to causal effect, and then, of course, it goes without saying that without the testimony of Dr. Smith there isn't any case at all."

We concur in that statement.

■ This is in no sense a holding that death must follow immediately upon the exertion which starts the process that results in a fatal coronary thrombosis. See *Merritt v. Department of Labor & Industries* (1952), 41 Wn. (2d) 633, 251 P. (2d) 158. In that case, there was testimony that a clot loosened from an aneurism by the exertion of a workman began to block the coronary artery an hour before he was found unconscious. We here hold only that Dr. Smith's testimony had no probative value on the issue of causal relationship, as it was based upon his assumption of a fact which he deemed material and which was not contained in the hypothetical question or established by the evidence. *Berndt v. Department of Labor & Industries* (1954), 44 Wn. (2d) 138, 151, 265 P. (2d) 1037. Without his testimony, as the trial court said, "there isn't any case at all."

Having failed to establish a causal relationship between her husband's employment and the coronary thrombosis which caused his death, Mrs. Rode failed to establish her right to a pension. See *Berndt v. Department of Labor & Industries, supra; Cyr v. Department of Labor & Industries, supra.* The judgment of the superior court dismissing the appeal from the order of the board of industrial insurance appeals is affirmed.