[No. 33628.   Department Two.   February 7, 1957.]

DELORIS A. ABBOTT, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

*Brodie & Fristoe*, for appellant.

*The Attorney General* and *Bernard A. Johnson, Assistant*, for respondent.

HILL, C. J., This is a heart case.  The question presented is the familiar one of the sufficiency of the evidence to take the case to the jury on the issue of whether the coronary occlusion which resulted in the death of a workman was

[1]Reported in 307 P. (2d) 254.

caused by an injury sustained in the course of his employment while under the workmen's compensation act.

The deceased workman, Harold M. Abbott, was a faller and bucker. While working in the woods May 3, 1951, he was struck on the nose by a steel wedge. He received a severe gash, which bled profusely, and was off work for about ten days. After he returned to work, he began to have severe and frequent nosebleeds, which increased in frequency during the last few months before his death on September 15, 1952.

His widow's application for a pension under the workmen's compensation act was rejected by the supervisor of industrial insurance, who took the position that there was no evidence that the coronary occlusion which caused the workman's death resulted from the injury he sustained May 3, 1951. The board of industrial insurance appeals was of the same opinion, and from its order affirming the supervisor's action the widow appealed to the superior court.

■ Prior to trial in the superior court, the department of labor and industries filed a "Motion to Dismiss," which was, in effect, a challenge to the sufficiency of the evidence to sustain a verdict for the plaintiff (*Dayton v. Department of Labor & Industries* (1954), 45 Wn. (2d) 797, 278 P. (2d) 319; *Turner v. Department of Labor & Industries* (1953), 41 Wn. (2d) 739, 251 P. (2d) 883; *Petersen v. Department of Labor & Industries* (1952), 40 Wn. (2d) 635, 245 P. (2d) 1161; *Kralevich v. Department of Labor & Industries* (1945), 23 Wn. (2d) 640, 161 P. (2d) 661), and specifically on the issue of the sufficiency of the evidence to take the case to the jury on the issue of the causal relation between the injury and the death. The superior court concluded that such causal relation was not established, and dismissed the claimant's case.

■ If this had been a trial by the court, we would unhesitatingly affirm, as there is credible evidence that the coronary occlusion which caused death would have occurred regardless of Mr. Abbott's injury of May 3, 1951. The appeal, however, is from an order of dismissal entered before trial. The test as to whether the case should go to a jury is

not on the facts as they would be found to be by the trial judge or by the judges of this court, but on the issue of whether the evidence introduced at the hearing before the board of industrial insurance appeals offers room for a difference of opinion in the minds of reasonable men. *Ehman v. Department of Labor & Industries* (1949), 33 Wn. (2d) 584, 596, 206 P. (2d) 787, and cases cited therein; *Alfredson v. Department of Labor & Industries* (1940), 5 Wn. (2d) 648, 652, 105 P. (2d) 37.

The department makes much of the fact that the expert on whose testimony Mrs. Abbott relies assumed matters that were not included in the hypothetical question and as to which there was no evidence, such as the existence of a brain concussion resulting from the injury to Mr. Abbott's nose. We have held that the erroneous assumption of matters not included in a hypothetical question and not inferable therefrom can, under certain conditions, destroy the probative value of an expert's testimony. *Sawyer v. Department of Labor & Industries* (1956), 48 Wn. (2d) 761, 768, 296 P. (2d) 706; *Clayton v. Department of Labor & Industries* (1956), 48 Wn. (2d) 754, 759, 296 P. (2d) 676 (distinguishing past cases); *Rode v. Department of Labor & Industries* (1955), 47 Wn. (2d) 619, 620, 289 P. (2d) 354 *Cyr v. Department of Labor & Industries* (1955), 47 Wn. (2d) 92, 96, 286 P. (2d) 1038; *Parr v. Department of Labor & Industries* (1955), 46 Wn. (2d) 144, 146, 278 P. (2d) 666; *Berndt v. Department of Labor & Industries* (1954), 44 Wn. (2d) 138, 148, 265 P. (2d) 1037. However, in the present case the expert stated that his conclusion would be the same even if there was no concussion.

There is room for a reasonable difference of opinion upon the conflicting evidence on the issue of whether Mr. Abbott's nosebleeds were caused by the blow on his nose and the nosebleeds, in turn, were a contributory cause of the coronary occlusion which caused his death. There is sufficient substantial evidence not only to sustain the widow's contention that she has a right to a decision of a jury on the facts, but also to support a verdict if it be in her favor.

*Preston Mill Co. v. Department of Labor & Industries* (1954), 44 Wn. (2d) 532, 268 P. (2d) 1017; *Holden v. Department of Labor & Industries* (1953), 42 Wn. (2d) 910, 259 P. (2d) 642. We conclude that the case should have been permitted to go to a jury.

The judgment of dismissal is reversed.

MALLERY, DONWORTH, WEAVER, and OTT, JJ., concur.