[No. 37649.    Department Two.    October 7, 1965.]

CHRIST VENEZELOS, *Appellant,* v. THE DEPARTMENT OF LABOR
AND INDUSTRIES, *Respondent.*\*

*\*Reported in 406 P.2d 603.

*Roy E. Jackson* and *Daniel G. Goodwin,* for appellant.

*The Attorney General* and *H. Collyer Church, Assistant,* for respondent.

FINLEY, J.—■ The plaintiff-appellant applied to the Department of Labor and Industries to reopen his industrial insurance case. He is seeking an increase in compensation on the ground of aggravation of an industrial injury. The Supervisor of Industrial Insurance, and, subsequently, the Board of Industrial Insurance Appeals, denied any additional benefits. Before commencement of trial in the superior court, counsel for the Department of Labor and Industries moved to dismiss the appellant's case on the ground that the certified appeal board record contained insufficient evidence to establish a prima facie case of aggravation. The trial judge granted the motion. The plaintiff-claimant has appealed. See *e.g., Dayton v. Department of Labor & Indus.,* 45 Wn.2d 797, 278 P.2d 319 (1954), where we quoted from *Mutti v. Boeing Aircraft Co.,* 25 Wn.2d 871, 877, 172 P.2d 249, 253 (1946):

> "A challenge to the sufficiency of the evidence, or a motion for nonsuit, admits the truth of the plaintiff's evidence and all inferences which reasonably can be drawn therefrom, and requires that the evidence be interpreted most strongly against the defendant, and in the light most favorable to plaintiff. In the determination of such challenge or motion, even though the plaintiff's evidence is in some respects unfavorable to him, he is not bound by the unfavorable portion of such evidence, but is entitled to have his case submitted to the jury on the basis of the evidence which is most favorable to his contention."

In ruling that the plaintiff's evidence contained in the appeal board record was insufficient as a matter of law to establish a prima facie case to submit to a jury, the trial court characterized the testimony of the plaintiff's medical witness as "verbal gymnastics." Regardless of the accuracy of that characterization, the applicable principle, as stated in *Mutti, supra,* required the trial court to examine the record to determine whether the evidence introduced by the plaintiff would support a difference of opinion in the minds

of reasonable men. *Abbott v. Department of Labor & Indus.*, 49 Wn.2d 774, 307 P.2d 254 (1957); *Ehman v. Department of Labor & Indus.*, 33 Wn.2d 584, 206 P.2d 787 (1949), and cases cited therein. Viewing the pertinent evidence in the light most favorable to the plaintiff, we think a question was presented for the jury, and the trial court was in error in granting the defendant's motion to dismiss.

■ A distinction should be made between complete retraction or negation of key medical testimony and lesser inconsistencies and seeming contradictions therein. When the "verbal gymnastics" of a claimant's medical witness leave nothing of an objective nature in the record on which the jury could reasonably rely in affirmation of the claim of an injured workman, we have sustained trial court rulings granting challenges to the sufficiency of the claimant's evidence. *Hyde v. Department of Labor & Indus.*, 46 Wn.2d 31, 278 P.2d 390 (1955). To the same effect, see *Lyle v. Department of Labor & Indus.*, 49 Wn.2d 540, 304 P.2d 668 (1956); and *Olson v. Department of Labor & Indus.*, 43 Wn.2d 85, 260 P.2d 313 (1953). But inconsistencies not amounting to a complete retraction should not vitiate the doctor's testimony as a matter of law. Such statements may be somewhat impeaching, but their weight is for the jury, not the court. *Woods v. Department of Labor & Indus.*, 62 Wn.2d 389, 382 P.2d 1014 (1963); *Halder v. Department of Labor & Indus.*, 44 Wn.2d 537, 268 P.2d 1020 (1954).

■ Turning to the medical testimony given before the Board of Industrial Insurance Appeals in the instant case, the following excerpts from the record are exemplary of the degree of vacillation shown by the claimant's witness—which the defendant-respondent argues is fatal to the plaintiff's case.

Q. Do you feel this disability, as it existed from the date of your examination in 1960, was *causally related* to the accident of 1941?

A. Yes. My opinion is that the accident of 1941 is *a factor* in the production of this disability. This, again, based upon his history as I previously explained. (Italics ours.)

Respondent argues that the witness, by avoiding the direct thrust of the question, evidences a reluctance to state that the 1941 injury to the plaintiff bears a causal relationship to the plaintiff's allegedly "worsened" condition. Respondent misconstrues the appellant's burden: we do not require the vocalization of thaumaturgical words in order to establish the necessary causal relation between the original injury and the aggravation. Plaintiff need only establish the probability of a causal connection between the industrial injury and the subsequent physical condition by the testimony of medical experts. *Dayton v. Department of Labor & Indus., supra; Stampas v. Department of Labor & Indus.*, 38 Wn.2d 48, 227 P.2d 739 (1951).

The testimony of the plaintiff's medical witness which respondent asserts is crucially fatal is:

Q. Do you think the worsening was precipitated—do you think—do you have an opinion as to whether this worsening was precipitated by the accident of 1941?

A. No, I don't have any opinion regarding that.

However, shortly thereafter, the record reads:

Q. Doctor, do you have an opinion as to whether the conditions which worsened between about October of 1956 and July of '60 were originally precipitated by, or causally related to, the accident of 1941?

A. Yes.

Q. What is your opinion, sir?

A. That the conditions, namely, degenerative osteoarthritis, which worsened during the time interval you mentioned, is related in its symptomatology, to the injuries he sustained in 1941.

We fail to see how the doctor's negative answer to the first question retracts, or completely negates, the latter answer.

The respondent also emphasizes the following testimony given by plaintiff's medical witness on cross-examination by way of support for the trial court's dismissal for failure to establish a prima facie case in the certified appeal board record:

Q. Doctor, do you have an opinion as to whether or not the worsening of conditions which you have described

as occurring between 1956 and 1960 was actually due to an injury occurring back in 1941?

A. I feel that the arthritic process, which has been creating his disability since 1941, worsened, both limitation of motion and symptomatology, between 1956 and 1960. The arthritic process was not caused by the accident of 1941, but on the basis of history, particularly the hypothetical question which was provided me by plaintiff's counsel, the injury of 1941 was a precipitating or aggravating factor in the symptomatological disability which thereafter presented. I trust that answers your question. I cannot state that the accident which occurred in 1941 was the thing that created the aggravation of symptoms between 1956 and '60 because it would be impossible for an accident which occurred some fifteen years before to create this advancement of symptoms, but according to the history there were no symptoms prior to the accident of 1941, and immediately following the accident and thereafter continuously for a nineteen-year period, these symptoms were present; therefore there must be a relationship between the symptoms and the disability which he presented at the time of my examinations and the accident which occurred in 1941.

Undue emphasis on those portions of the above statement which are damaging to the plaintiff could well lead one to the conclusion that the plaintiff's medical expert was uncertain about the causal relation between the traumatic event and the present aggravation; but again, *viewing the evidence in the light most favorable to the plaintiff,* we think there is room for a difference of opinion in the minds of reasonable men as to the causal relation. Hence, there was a case for the jury.

Citing *Kirkpatrick v. Department of Labor & Indus.*, 48 Wn.2d 51, 290 P.2d 979 (1955), as authority for the proposition that this court will consider any argument supporting a judgment or order, whether such argument or reason was enumerated by the trial court or not, the respondent submits three additional grounds in support of the trial court's dismissal order. First, the respondent argues that the plaintiff-appellant did not establish that the alleged aggravation took place between the date of closure and the

date of denial of the application to reopen, citing *Phillips v. Department of Labor & Indus.*, 49 Wn.2d 195, 298 P.2d 1117 (1956). However, on several occasions, the plaintiff's medical witness certainly inferred—if he did not directly state—that a worsening did occur between the terminal dates. For example, in response to a hypothetical incorporating the operative facts surrounding the claimant's injury and asserted aggravation, the doctor specifically stated that "[m]y opinion is that his condition has worsened during that interval of time."

■ Secondly, respondent argues that the hypothetical questions propounded to plaintiff-appellant's medical witness incorporate inadmissible hearsay and thus destroy any probative value that testimony may have had. In *Petersen v. Department of Labor & Indus.*, 36 Wn.2d 266, 217 P.2d 607 (1950), we noted that, while a *treating* doctor may testify as to his medical conclusion, which may be based substantially on subjective symptoms which are in the realm of hearsay, a doctor who examines a patient only for the purpose of qualifying as an *expert* may not rely on a claimant's relation of subjective symptoms in testifying as to his medical conclusions. Even assuming arguendo that some of the hypotheticals propounded to plaintiff's medical expert fall within the proscription of *Petersen,* the doctor specifically testified that some of the findings he made in the 1960 examination were objective in nature. Our holding in this appeal is simply that the entire probative value of the testimony of plaintiff's witness was not destroyed by any alleged defects in the hypotheticals.

Finally, the defendant-respondent urges an additional argument in support of the trial court's judgment; namely, that the appellant had not supplied any objective evidence of aggravation of the conditions resulting from the industrial injury. Suffice it to say that the plaintiff's expert specifically noted the objective nature of some of his findings, and that those findings were to the effect that an aggravation had occurred between the terminal dates—and

further, that the aggravation was related to the original injury.

For the reasons noted above, the trial court was in error in dismissing the case of plaintiff-claimant. The judgment of dismissal should be reversed and a new trial granted. It is so ordered.

ROSELLINI, C. J., DONWORTH and WEAVER, JJ., and BARNETT, J. Pro Tem., concur.