[No. 37821. Department Two. April 21, 1966.]

H. E. SMITH et al., Appellants v. HARRY T. ASHMORE et al., Respondents.*

*Reported in 413 P.2d 651.

*Torbenson, Thatcher, Stevenson & Burns,* by *Robert Stevenson,* for appellants.

*Evans, McLaren, Lane, Powell & Moss,* by *Robert W. Thomas,* for respondents.

WEAVER, J.—Plaintiffs, H. E. Smith and Elsie Smith, his wife, appeal from a judgment dismissing their claim for damages for personal injuries. The court had sustained a challenge to the sufficiency of the evidence at the end of plaintiffs' case.

Plaintiffs attended a funeral service at defendant's mortuary. Among the 15 or 20 persons in attendance was an unidentified man in uniform. At the services it was announced that interment would take place at Riverton Crest Cemetery. No further directions were given. The cemetery was approximately 13 miles from the mortuary.

After the services plaintiffs went to their car which was parked in the mortuary parking lot. Mrs. Smith (plaintiff) testified that, as they drove out of the lot, an attendant told them to turn on their lights and "follow the car ahead."

Defendant, called as an adverse witness, testified that he told the driver of each car "we don't have an escort for this funeral." He admitted that he did *not* tell them "not to go through a red light at intersections." In the posture of this case, we must, however, accept as true plaintiffs' evidence that the drivers were *not* told that the funeral cortege was unescorted and that no one told them *not* to go through a red traffic signal. See *Venezelos v. Department of Labor & Indus.,* 67 Wn.2d 71, 406 P.2d 603 (1965).

Mr. Smith (plaintiff) was the driver of the last automobile in the 6-car cortege as it left the mortuary parking lot. Sometime within the first four blocks of travel, a stray car which was not part of the funeral cortege (its headlights were not lighted) intervened between the car in front of plaintiffs and their car. At this time, plaintiffs' automobile was four to five car lengths behind the fifth car with the stray car in between them.

The rationale of plaintiffs' (appellants') contention on appeal is based upon what did *not* happen at the mortuary;

namely, that defendant did not tell them that the cortege did not have a civil police escort; and that they were not told that they should obey all traffic warning devices on their way to the cemetery. No one contends that the cortege had an escort.

Defendant (respondent), on the other hand, contends, first, that he had no duty to inform plaintiffs that the cortege was unescorted and that they should obey all traffic regulations; and second, assuming arguendo, that defendant had such a duty, defendant's breach of duty (if any) was not the proximate cause of plaintiffs' injuries.

We turn, therefore, to the happenings which occurred as the funeral procession proceeded east on Pike Street in Seattle to its intersection with Broadway. The intersection was controlled by a traffic light.

The driver of the fourth car testified that the traffic signal was green (as far as he recalled) when he crossed Broadway. Mrs. Beers, who was driving the automobile immediately in front of plaintiffs, testified that "a car had gotten in between the Smiths and my car." She didn't recall, but she thought the light was green when she drove across Broadway.

Mrs. Smith (plaintiff) testified that the "stray car" in front of them turned right from Pike Street onto Broadway, and that the signal light was red when her husband drove their car into the intersection. Thus, the Smiths had lagged behind a distance at least equal to the width of the Broadway intersection which appears from an exhibit to be 52 feet. Their car was struck by an automobile entering the intersection with the green light.

In this state funeral processions are not governed by the statutes controlling the operation of "emergency vehicles." We find no ordinance or statute which gives an *unescorted* funeral cortege the right to disregard traffic control devices. We are not concerned with the duty to provide an escort for defendant was not obligated by law or contract to provide one. We are concerned only with the possible duty created when an escort is not provided. Prob-

lems which may arise from accidents happening when the funeral procession *has* a civil police escort are not before us in the instant case.

Plaintiffs offered to prove (a) that it was the practice and custom of funeral directors in the Seattle area to notify mourners going to the place of interment that the procession would be unescorted, if such were the case; (b) that they would meet at the cemetery and (c) that if they desired to follow the hearse, they would obey all traffic rules. Plaintiffs assign error to the court's refusal to admit this evidence of custom because plaintiffs had not established a proper foundation for it.

We need not resolve the question of the admissibility of the evidence proffered. For the purpose of this decision, we assume that testimony of (a) and (b) was admitted in evidence. (Parenthetically, (c) *supra*—obedience of traffic rules—is an obligation impressed on all of us by the Motor Vehicle Code.)

In support of our conclusion that the judgment must be affirmed, we adopt the reasoning of the trial judge. He said, *inter alia*:

> [H]e [plaintiff Smith] was no longer in the funeral procession. Cars had intervened and he knew it. The testimony absolutely establishes that. He was no longer in a procession and not being in a procession, then he had no rights of the procession, assuming there were rights of the procession.
>
> I think plaintiffs were equally bound to know the law and the ordinance as well as Mr. Ashmore and when they came to the intersection, *saw no motorcycle escort* or other peace officer in evidence, they did not have the right to assume that they had any rights. In fact, they were bound to know they had no rights and should have stopped with the red light. That was their duty and they cannot just blithely go along assuming somebody else has breached the duty and not protect themselves. They have that duty. (Italics ours.)

Assuming arguendo that custom of the community dictates that defendant should have informed plaintiffs that the cortege was unescorted, the breach of this (assumed)

duty cannot absolve plaintiffs from exercising reasonable and ordinary care for their own safety.

 Contributory negligence is conduct on the part of a plaintiff which falls below the standard to which he should conform for his own protection and which is a legally contributing cause of his harm. *Hughey v. Winthrop Motor Co.,* 61 Wn.2d 227, 377 P.2d 640 (1963). Plaintiffs (appellants) had no right to proceed through the red traffic light. When they came to the red light, they were no longer in the procession and seeing no escort, in the exercise of reasonable care, they were obligated to obey the red light.

Plaintiffs' conduct failed to measure up to the standard of care to which they should have conformed for their own protection. Proceeding through the red light was a legally contributing cause of the harm to plaintiffs.

Reasonable minds could not differ upon the conclusion that plaintiffs' conduct was a proximate and legal cause of the accident. As we stated in *Guerin v. Thompson,* 53 Wn.2d 515, 520, 335 P.2d 36 (1959):

> There can be no inference from the facts, viewed most favorably to appellant, that would support a finding that appellant was not guilty of contributory negligence.

Our conclusion is fortified by *Jones v. J. W. Wills Co.,* 171 Ohio St. 394, 171 N.E.2d 710 (1960), an action by a passenger in a funeral procession against the funeral director. Although there had been an escort for a portion of the trip, there was no policeman at the intersection where the accident occurred, nor was there a policeman in the instant case. Plaintiff's driver proceeded through a red light. In sustaining a directed verdict for defendant, the court said:

> In the absence of a protective statute or ordinance *or police direction,* the plaintiff's husband was without the right to proceed against a red light. (Italics ours.)

The judgment is affirmed.

ROSELLINI, C. J., DONWORTH and FINLEY, JJ., and LANGENBACH, J. Pro Tem., concur.

June 10, 1966. Petition for rehearing denied.