[No. 39518.    Department Two.    July 3, 1968.]

Dorothy L. Mercer, *Appellant,* v. The Department of Labor and Industries, *Respondent.**

*Reported in 442 P.2d 1000.

*J. D. Searle*, for appellant.

*The Attorney General* and *Gosta E. Dagg, Assistant,* and *Jerome Walstead,* for respondent.

HUNTER, J.—The plaintiff (appellant) sought to establish her right to a widow's pension under RCW 51.32.050, and appealed an unfavorable decision of the Board of Industrial Insurance Appeals to the Lewis County Superior Court, which dismissed the case for insufficient evidence.

The plaintiff's husband, Ray R. Mercer, injured his left hand in a logging accident on May 18, 1962, and she claims that this injury caused him to later take his own life, on January 12, 1963. The record shows that the hand injury was serious, involving deep lacerations of the forefinger and middle finger and damage to the flexor tendons. The plaintiff's husband as a consequence was unable to work and was undergoing treatment from Dr. Jess Read of Tacoma, which was aimed at restoring the hand to usefulness. The Mercer family physician, Dr. Maddox of Chehalis, referred Mercer to Dr. Read. Mercer saw Dr. Maddox on several occasions thereafter, in order to have his dressings changed. The repair of Mercer's hand required numerous operations, including skin grafts, and did not go as well as it might have because of a painful infection. The plaintiff sought to introduce evidence indicating that Mercer became anxious and depressed since he feared that the hand injury would prevent him from ever returning to work in the woods, which she contends was the ultimate cause of his taking his own life.

At the time he took his life, Mercer was 52 years old, and most of that time he had been a logger. Several witnesses testified that the decedent told them he wanted to return to work after the accident as soon as possible. The skin grafts had healed satisfactorily by January, 1963, in spite of the infection, but the hand's tendons still required additional surgical repair. On the morning of his death, Mercer's daughter had offered him eggs and hot cakes for breakfast,

which he refused. Mercer was later found shot to death in the bedroom where he slept. The record indicates that the pistol he used was ordinarily kept, unloaded, in another room.

After Mercer's death his widow filed a pension claim with the defendant (respondent) Department of Labor and Industries, under RCW 51.32.050. Another section of the same chapter provides:

> If injury or death results to a workman from the deliberate intention of the workman himself to produce such injury or death, or while the workman is engaged in the attempt to commit, or the commission of, a crime, neither the workman nor the widow . . . shall receive any payment whatsoever out of the accident fund. RCW 51.32.020.

The supervisor of claims dismissed the plaintiff's claim and she appealed to the Board of Industrial Insurance Appeals. The board, after hearing, upheld the supervisor's order and the plaintiff then appealed to the superior court under RCW 51.52.110.

At the trial de novo in superior court, at which the employer appeared through counsel, the appeal board record was read to the jury. The trial judge granted the defendant's motions to strike certain portions of the record, and rejected the plaintiff's offer in evidence of a letter written by Dr. Read and of the department file in the case. The defendant and counsel for the employer then joined in a motion to dismiss. The trial court granted the motion, on the basis that the appeal board's decision was correct as a matter of law, since the plaintiff had failed to establish a prima facie case. The plaintiff now appeals from the order of dismissal.

■ The plaintiff assigns error to the striking of parts of Dr. Maddox's testimony. The vital part with which we are concerned was his opinion given in response to a hypothetical question, that the suicide was not a rational act and was the result of depression and discouragement. Several reasons are advanced for striking this testimony, but that which the trial court considered crucial was an element of

the hypothetical question unsupported by the record. Dr. Maddox was asked to assume, in forming his opinion, that "there was no other job for him [Mercer]." This statement of a fact was necessarily material to the expert's determination that the suicide was an irrational act, the result of depression and discouragement. An expert's opinion based upon a hypothetical question which contains material facts not established by the record is inadmissible and the expert opinion of Dr. Maddox was therefore properly stricken by the trial court. *Sayler v. Department of Labor & Indus.*, 69 Wn.2d 893, 421 P.2d 362 (1966).

█ The plaintiff further assigns error to the trial court's sustaining an objection to the hypothetical question asked Dr. Maddox, and the striking of his answer, for the reason that the appeal board overruled the same objections and considered the hypothetical question and the opinion based thereon. She argues that the trial court was therefore foreclosed from sustaining the objections. The argument presumes that the trial court is bound to observe the evidentiary rulings of the appeal board. This is not the rule. RCW 51-.52.115 provides that the superior court trial shall be "de novo" and we construe this provision to mean that the trial court must independently resolve questions of the admissibility of evidence. *Cf. Floyd v. Department of Labor & Indus.*, 44 Wn.2d 560, 269 P.2d 563 (1954).

The plaintiff next argues that the department waived its objection to the question by not making it at the time the deposition was taken. We do not find a waiver, under the circumstances of this case, since the objections allegedly waived go to the competency of testimony, and are preserved by the terms of CR 32(c) (1).

█ The plaintiff assigns error to the exclusion of a portion of a letter written to the supervisor of claims of the department by Dr. Read. The plaintiff argues that the letter should have been admitted on the basis of its being either refreshment of recollection or past recollection recorded. There is no merit in this assignment of error. A memorandum employed for the purpose of refreshing recollection is not, itself, admissible in evidence. See *State v. Little*, 57

Wn.2d 516, 358 P.2d 120 (1961). A record of past recollection is inadmissible if it was not made contemporaneously with the events described therein. *State v. Benson,* 58 Wn.2d 490, 364 P.2d 220 (1961). The letter in this case was not contemporaneous. The trial court therefore properly excluded the letter as an exhibit.

The plaintiff next contends that the trial court erred in striking the opinion testimony of Dr. Myron Kass. She argues that the appeal board considered this testimony and that therefore it was improper for the trial court to reject it. The defendant maintains that the testimony was not considered by the appeal board. The record does not resolve this dispute. However, even assuming the testimony of Dr. Kass was considered by the appeal board, the trial court has the duty and the prerogative to pass upon all evidentiary matters in a de novo hearing, as we have heretofore stated, and it was within the trial court's discretion to exclude that portion of the appeal board record.

The plaintiff further argues that the opinion of Dr. Kass was proper because it was based upon the hypothetical question asked by plaintiff's counsel and upon established facts in evidence. This argument is also without merit. Dr. Kass admitted on cross-examination that he considered, in formulating his opinion, Dr. Read's letter which was excluded by the appeal board and the trial court, and also the department file, which was not admitted in evidence. See *Sayler v. Department of Labor & Indus., supra.*

Since Dr. Kass admitted that in giving his opinion he assumed material facts that were not in evidence, the trial court was correct in striking his testimony. *Rode v. Department of Labor & Indus.,* 47 Wn.2d 619, 289 P.2d 354 (1955).

■ The record also shows that (1) Dr. Kass indicated that he relied on the opinions of other doctors in formulating his own opinion, and that (2) the hypothetical question asked Dr. Kass omitted certain material facts regarding the actions of the decedent just prior to his death. This is further justification for the striking of the doctor's testimony by the trial court. See, concerning the second point,

*Berndt v. Department of Labor & Indus.*, 44 Wn.2d 138, 265 P.2d 1037 (1954).

The plaintiff contends, however, that all of the facts contained in the excluded portion of Dr. Maddox's testimony, in Dr. Read's letter and in the department file, were supplied elsewhere in the record, and that Dr. Kass's testimony was therefore in fact based only upon the evidence in the case. Our examination of the record does not support this contention.

■ The plaintiff next contends that the appeal board and the trial court erred in excluding the department file from evidence. There is no merit in this contention because we have held that the department file is not admissible over the objection of either party. *Hutchings v. Department of Labor & Indus.*, 24 Wn.2d 711, 167 P.2d 444 (1946).

The plaintiff argues, however, that the file should have been admitted for the limited purpose of showing that it contained nothing which was not otherwise in evidence. The record discloses that there were matters in the file which were not otherwise in evidence. The objection was therefore properly sustained.

■ The plaintiff finally contends that there is sufficient evidence in the record, disregarding the portion excluded by the trial court's rulings, to make out a prima facie case. We disagree. In cases such as this, in view of the statutory language precluding recovery if the workman's death results from his own deliberate intention to take his life, RCW 51.32.020, *supra,* we have allowed recovery only where competent medical evidence established that the decedent acted under an incontrollable impulse or while in a delirium. *Karlen v. Department of Labor & Indus.*, 41 Wn.2d 301, 249 P.2d 364 (1952). Viewing the record in the light most favorable to the plaintiff, *Schwab v. Department of Labor & Indus.*, 69 Wn.2d 111, 417 P.2d 613 (1966), we find it devoid of probative medical evidence that the decedent was acting under an incontrollable impulse or that he was in a state of delirium when he took his life.

Our disposition of this case makes it unnecessary to con-

sider the remaining assignments of error and other arguments made.

The trial court correctly dismissed the appeal. The judgment and order is affirmed.

FINLEY, C. J., HILL, HAMILTON, and NEILL, JJ., concur.

September 20, 1968. Petition for rehearing denied.