[No. 31533. Department Two. February 15, 1951.]

GUS H. STAMPAS, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

[1]Reported in 227 P. (2d) 739.

*The Attorney General* and *Millard C. Thomas, Assistant,* for appellant.

*W. H. Sibbald,* for respondent.

MALLERY, J.—Gus H. Stampas, age thirty-nine, was employed as a section hand by the Simpson Logging Co. On February 16, 1946, while engaged in shoveling snow off a railroad switch, he became dizzy and fell unconscious. No one saw him fall. When the section foreman noticed him a few moments later, he was sitting up in the snow, but could not respond to questions, and was helpless for all practical purposes. He was carried to a speeder and taken into camp, and from there to the hospital. Mr. Stampas was of the opinion that he had struck a stump and injured his back in the fall, but Dr. LeCompte, the attending physician, diagnosed claimant's trouble as migraine headaches, characterized by severe headaches, nausea, partial paralysis, and mental confusion. Dr. LeCompte's comment on the report of accident was "No injury present." Subsequent to his collapse, claimant has been under the care of numerous physicians, and, at present, is unable to do strenuous work. He complains of pains in his back, is unable to sleep much of the time, is nervous, and has lost considerable weight. His present state of health is borne out by the testimony of the medical experts.

Mr. Stampas put in a claim on the basis of an alleged back injury from falling on a stump. It was rejected by the supervisor of industrial insurance on August 6, 1946. Claimant petitioned for a rehearing before the joint board on the ground that the supervisor was in error when he held that Stampas' condition was not a result of an industrial injury as defined by the act. The petition was granted, and a rehearing was held over a period from

December 18, 1946, to January 11, 1949. The joint board affirmed the order of the supervisor, and the claimant appealed to the superior court. Trial was had to a jury.

The only interrogatory that claimant caused to be propounded to the jury was:

"Was the Department of Labor and Industries correct in determining that the plaintiff, Gus H. Stampas, had not suffered an industrial injury on or about the 16th day of February, 1946?"

To which the jury answered "No." Judgment was entered for the plaintiff, and the department appeals.

■ In addition to the finding that there was an industrial injury, it must have been shown that there was a disability, and that *the injury was the cause of the disability.*

■ The burden was upon the respondent to establish the incorrectness of the conclusion reached by the department. Rem. Supp. 1943, § 7697 [P.P.C. § 704-1]; *LaLone v. Department of Labor & Industries,* 3 Wn. (2d) 191, 100 P. (2d) 26.

■ The probability of a causal connection between the industrial injury and the subsequent physical condition, must be established by the testimony of medical experts. *Radich v. Department of Labor & Industries,* 10 Wn. (2d) 107, 115 P. (2d) 1022; *Northwest Metal Products v. Department of Labor & Industries,* 12 Wn. (2d) 155, 120 P. (2d) 855.

No such probability is shown by the record. The attending physician, called by the appellant, testified that he did not know what caused respondent's condition, but did not feel that it was due to his work on the section. Dr. Lewis, who treated respondent later, found no evidence of a back injury, or any kind of external injury. He did feel, however, that the respondent's statements *as to his condition* were well founded, but suspected a cerebral hemorrhage. Dr. Dickle, called by the respondent, had treated him twenty-five or thirty times and testified that respondent complained of a head injury when he came to him for treatment. He felt that respondent's trouble stemmed from the

head injury. Dr. Boyer, also called by respondent, had treated him many times for the condition complained of and testified that his condition *could have been caused by a fall in that the fall might have caused a cerebral hemorrhage.*

The most that can be drawn from the record is that respondent's condition was probably caused by an internal injury to the brain. One doctor recognized that there was some tenderness in respondent's back, but there is no evidence tending to link the back injury complained of to his present condition. Medical testimony that there is a *possibility* of a causal relation is not sufficient to establish causation. It must be made to appear that the injury *probably* caused the disability. *Boyer v. Department of Labor & Industries,* 160 Wash. 557, 295 Pac. 737; *Seattle-Tacoma Shipbuilding Co. v. Department of Labor & Industries,* 26 Wn. (2d) 233, 173 P. (2d) 786. We, therefore, find that the evidence does not support the judgment.

The judgment is reversed and remanded with a direction to dismiss the claim.

SCHWELLENBACH, C. J., ROBINSON, GRADY, and HAMLEY, JJ., concur.