In the Matter of the Claim of ELIZABETH A. MAHER, Respondent, against ST. MARY'S HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal from a decision and award of the Workmen's Compensation Board. Claimant is a nurse who attributes tuberculosis which she has contracted to infection in the course of employment as a student in a hospital. She relies for the establishment of her claim mainly on contacts with "tubercular patients". She said there were "about five that I can remember". These apparently include the two patients in the hospital whom she identified and testified "had tuberculosis". One was a man who underwent surgery and concerning whom she testified, that when he came back from surgery "they found he had t. b. and they put him in Isolation [ward or room] and I took care of him in Isolation". The other patient was a woman described as "an alcoholic" and "they thought" she had "possible t. b.". After a few days "they put her in Isolation and I took care of her before Isolation and in

Isolation ". On cross-examination claimant said that the only knowledge she had of the diagnosis of tuberculosis of the male patient was that the record said " pulmonary t. b." and she did not know whether the patient had actually ever been diagnosed as having tuberculosis. Although the proof of medical opinion which would attribute claimant's tuberculosis to contacts she described with patients is adequate if the patients cared for by claimant actually had tuberculosis, the finding they had tuberculosis is not supported in this record by substantial evidence. The opinion of the claimant they had tuberculosis is not competent; nor is there adequate proof of diagnosis by competent physicians of the diseases suffered by these patients. Some generalized proof by a record librarian of the hospital tends to contradict claimant; but there ought to be a full development by claimant with the aid of such records showing her own work and the hospital's records of diagnosis of cases which came into her care as may help her memory, together with a full development by the hospital itself of the work done by claimant and her exposure, if any, to tuberculosis. An award should not be based on so fragmentary and speculative a record as that now before us. Award reversed, with costs to appellant against the Workmen's Compensation Board, and claim remitted for further development of the record. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.