[No. 34186. Department Two. July 18, 1957.]

GLADYS MARIE CLINE, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Defendant*, CROWN ZELLERBACH CORPORATION, *Appellant*.[1]

[1]Reported in 313 P. (2d) 687.

*Holman, Mickelwait, Marion, Black & Perkins, Fred S. Merritt*, and *Richard E. Walker*, for appellant.

*Howard V. Doherty*, for respondent.

ROSELLINI, J.—On September 9, 1953, Earl W. Cline died of a heart attack while working with a boom crew for Crown Zellerbach Corporation. On October 13, 1953, the widow filed her claim for a pension. The department of labor and industries rejected the claim on October 16, 1953, and the widow appealed to the board of industrial insurance appeals, which, after holding hearings, sustained the order of the department. Whereupon, the widow appealed to the superior court of Clallam county, where the jury returned a verdict reversing the order of the board. The employer has appealed to this court.

The attack occurred about ten o'clock in the morning, two and one half hours after Cline, returning from a four-day holiday, had reported for work. He was fifty-three years of age at the time of his death, had been a boom man for some nine years, and had never complained of ill health. He was about five feet six inches tall and weighed around two hundred forty pounds. On the day of his death, he had been engaged in his usual activities of moving logs into position for booming and preventing jams; the work required his using a pike pole, a peavey, and a ten-pound sledge hammer. In the performance of these duties, he had occasion to pull a small cable across the river. Shortly before ten a. m. on the morning of the attack, he pulled this cable up the river a hundred or two hundred feet. The cable became kinked or snagged, requiring Cline to walk back to the point of difficulty. He remedied the trouble and returned to the dump area at the end of the cable. He was then seen to walk unsteadily to the side of the river bank, sit down, reach for his left chest with his right hand, and then slump forward. He died within a few minutes.

The court instructed the jury:

"In order to sustain her claim for benefits under the Workman's Compensation Act as widow of the deceased workman the claimant must prove by a preponderance of the evidence . . . that a strain or overexertion in the course of his employment caused or proximately contributed to the workman's death: Otherwise expressed, you are to decide whether the workman's death was due to the ordinary progression of a diseased condition independently of the alleged injury or was the death of Earl Cline caused or proximately contributed to by strain or exertion put forth by the deceased which in his then existing bodily condition brought about his death and without which physical strain and exertion then so exerted the death would not have occurred at the time it did occur.

"An accident within the terms of the Workman's Compensation Act need not be a blow or wound but may be an exertion or strain beyond the limit of his physical capacity."

No error has been assigned to this or other instructions given, and they are, therefore, the law of the case. *Hatzenbuhler v. Harrison,* 49 Wn. (2d) 691, 306 P. (2d) 745; *Sunset Oil Co. v. Vertner,* 34 Wn. (2d) 268, 208 P. (2d) 906.

The only question before this court is whether there was substantial evidence in the record to support the jury's finding that the exertion experienced by Cline in the course of his employment on the morning in question proximately contributed to his death.

When a verdict in an industrial insurance proceeding is attacked, the inquiry of the supreme court is not, where is the preponderance of the evidence, but whether there is substantial evidence to support the verdict. *Preston Mill Co. v. Department of Labor & Industries,* 44 Wn. (2d) 532, 268 P. (2d) 1017; *Ehman v. Department of Labor & Industries,* 33 Wn. (2d) 584, 206 P. (2d) 787.

The rule is established that medical testimony as to the possibility of a causal relation between a given accident or injury and the subsequent death or impaired physical or mental condition of the person injured is not sufficient, standing alone, to establish such relation, but there must

be testimony of the probability or likelihood of its existence. *Sawyer v. Department of Labor & Industries*, 48 Wn. (2d) 761, 296 P. (2d) 706; *Seattle-Tacoma Shipbuilding Co. v. Department of Labor & Industries*, 26 Wn. (2d) 233, 173 P. (2d) 786.

The claimant called two medical witnesses, Dr. Wyborney and Dr. Tomlinson. Dr. Wyborney specialized in diseases of the lungs. While he testified that, in the absence of other factors which have been known to precipitate a heart attack, exertion would seem to be one factor that would have contributed toward Cline's sudden death, on cross-examination he admitted that he would go no further than to say that the work Cline was doing that morning possibly could have caused his death. Dr. Tomlinson, a general practitioner, testified that in his opinion the work which Cline was doing had precipitated the attack. He stated that the attack could have been brought on by other types of exertion or excitement, had the conditions been right. Both of these doctors, basing their opinions on the autopsy report, which was the only evidence available to any of the medical witnesses, expressed the belief that the heart had failed to function because the supply of blood reaching it had become inadequate to support its needs. The autopsy showed atherosclerosis, or hardening of the arteries, with the lumen of the anterior descending branch of the coronary artery being greatly diminished in size but no clot or thrombus present.

The claimant's doctors were of the belief that the arteries had deteriorated gradually and had, on the morning in question, reached the point where the coronary artery was unable to supply the blood which the heart needed as a result of the exertion of his work. The employer's medical witnesses, however, both specialists in internal medicine, were of the opinion that the attack was the result of a spontaneous deterioration and was not affected by the activity in which Cline was engaged at the time.

■■ It is not for this court to say that the testimony of the specialists in internal medicine was entitled to greater

weight than that of the general practitioner and the lung specialist. The weight to be given the testimony of witnesses who express conflicting opinions is a matter for the jury; and since there is substantial evidence that the exertion which Cline had undergone just prior to his attack precipitated his death, the judgment is affirmed.

HILL, C. J., SCHWELLENBACH, DONWORTH, and FOSTER, JJ., concur.