[No. 34325. Department Two. May 29, 1958.]

EVERETT BARRETT, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*Clarence J. Coleman* and *McCrea & Kafer*, for appellant.

*The Attorney General* and *Daniel G. Goodwin, Assistant*, for respondent.

MALLERY, J.—Claimant was engaged in extrahazardous work at the Hanford project of the atomic energy commission. The work being slack on December 24, 1953, he was told to practice heliarc welding on scrap stainless steel. He picked up a piece from the floor, which had dirt and oil on it. The fumes created by the welding brought on a protracted spell of severe coughing, which was followed by

[1] Reported in 325 P. (2d) 896.

pain in the chest and nausea. The doctor to whom he went for treatment diagnosed his condition as coronary thrombosis.

His claim was rejected by the supervisor of industrial insurance. Claimant appealed to the board of industrial insurance appeals, which affirmed the order of the supervisor upon the ground that he had suffered from a pre-existing heart condition, which was not caused by the coughing incident.

He, thereupon, appealed to the superior court. The jury returned a verdict in his favor, and the superior court granted a new trial, from which order the claimant appeals.

The ground for granting a new trial was that instruction No. 9 was erroneous. It reads:

"If, by a preponderance of the evidence, you find the fact to be that Everett Barrett had a pre-existing heart condition and that a strain to his heart was received by him during the course of his employment as a welder, no matter what degree, was a precipitating factor in bringing on the heart condition, if any, that plaintiff claims he suffered on and after December 24, 1953, your verdict should be for the plaintiff."

The respondent has always contended that the appellant had a pre-existing heart ailment. In support of the order for a new trial, it contends that the instruction was prejudicial error because there was no testimony of any medical witness that there was a causal relationship between the coughing spell and the coronary thrombosis.

The appellant's doctor examined him and took a history of the coughing followed by pain in the chest. He also did an electrocardiogram. From it and his examination, the doctor concluded that the appellant had suffered an anterior wall infarct of the heart, which was caused (1) by the strain of the coughing incident, and (2) by the fact that he was at work. The doctor could not state whether the heart attack in question was due to a thrombus or an embolus. He further stated that but for the strain of coughing the heart attack would not have occurred that day.

■ This medical testimony of the causative effect of the coughing incident occurring during the performance of his duties in extrahazardous employment, which produced the heart attack, made a *prima facie* case for the jury.

The cross-examination of the doctor, which developed into a semantic excursion, did not materially affect his direct testimony. He never receded from his statement that the coughing had a causative relationship to the heart ailment, but he conceded that "it is *conceivable* that this could have been merely coincidental." (Italics ours.) The doctor stated that he would not *absolutely* say that the heart attack would not have occurred if the appellant had not coughed.

■ The respondent contends that the following cross-examination reduces the testimony below that degree of proof of a causal relationship which is required to sustain a recovery:

"Q. Doctor, would your opinion be the same if the man were Assistant Cashier at the Everett National Bank, and was working on that day, and had severe coughs, would those two factors be sufficient in your mind? A. To produce a heart attack? Q. To produce a heart attack, as you have said was your opinion in this case. A. Well, it's a speculative question, but I would say it was possible. Q. And does not your opinion as to Mr. Barrett fall also within the realm of possibility? A. Oh, yes. Q. And to say—to carry it beyond a point of possibility, are you not speculating? A. Yes, it's speculation—the possibility is speculation. . . . A. . . . and I would like to repeat again that we are speculating that the gas was one factor in the infarct, I will make that statement here."

The rule is that it must appear from medical testimony that the incident relied upon was more likely than not the cause of the injury claimed. *Stampas v. Department of Labor & Industries*, 38 Wn. (2d) 48, 227 P. (2d) 739. We have held that no more than a bare possibility that the incident relied upon was the cause of the injury is not sufficient, but the fair intendment of this cross-examination does not amount to that. The doctor's testimony on cross-examination only meant that the cause

was not *certain,* and that there was the *possibility* that the incident was not a proximate cause of the coronary thrombosis.

This degree of uncertainty and speculation occurs in many medical diagnoses. It is consistent for a doctor to admit an element of speculation and still be convinced that an incident is more likely than not the cause of an injury. The appellant made a *prima facie* case, and, therefore, the instruction was not erroneous because of a deficiency in the evidence.

Upon the cross-appeal, the cross-appellant contends that the court should have granted its motion for judgment *non obstante veredicto.* It was made upon the ground that appellant had failed to make a *prima facie* case.

This contention has already been discussed and resolved against the cross-appellant.

The order granting a new trial is reversed with a direction to enter judgment upon the verdict.

HILL, C. J., DONWORTH, WEAVER, and ROSELLINI, JJ., concur.