[No. 34755. Department One. September 17, 1959.]

HIRAM E. JACKSON, JR., *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

[1] Reported in 343 P. (2d) 1033.

*Walthew, Warner. & Keefe,* for appellant.

*The Attorney General* and *Arthur S. W. Chantry, Assistant,* for respondent.

WEAVER, C. J.—Plaintiff appeals from a judgment affirming a decision of the board of industrial insurance appeals, which had sustained an order of the supervisor of industrial insurance. The judgment is based upon a jury's affirmative answer to the following interrogatory:

"Was the Board of Industrial Insurance Appeals correct in sustaining the order of the Supervisor of Industrial Insurance dated January 19, 1956 rejecting the claim of the plaintiff?"

Plaintiff sought to establish that he had sustained an injury to his back while employed as a construction laborer. The supervisor of industrial insurance had rejected the claim on the ground that there was no proof of a specific injury at a definite time and place in the course of employment.

Plaintiff (appellant) makes four assignments of error, each directed to a specific instruction to the jury.

The ultimate issue decided by the jury—whether plaintiff proved a specific injury at a definite time and place in the course of employment—is not a complicated one, and the court's instructions are direct and clear. Generally, the four assignments of error delve into the science of semantics. Our problem, therefore, is to determine whether the questioned instructions misled the jury to plaintiff's prejudice and constituted reversible error.

Plaintiff's first assignment of error is directed to the italicized portions of instruction No. 10, which reads:

*"The burden of proof is on the plaintiff to prove by a fair preponderance of the evidence that the incident was a proximate cause of his condition.*

"The term 'proximate cause' means that cause which in a direct, unbroken sequence produced the disabling con-

dition and without which the disabling condition would not have occurred.

"*Unless you find from a fair preponderance of the evidence that the condition sustained by the plaintiff was a proximate result of the incident, you will sustain the findings of the Board.*" (Italics ours.)

Plaintiff excepted to this instruction on two grounds: (1) the first paragraph is repetitive, and (2) the last paragraph is not a correct statement of the law and confused the jury.

 It is true that instructions may be so repetitious that one party's theory of the case is overemphasized to the detriment of the opposing party's theory. For example, in *Ulve v. Raymond,* 51 Wn. (2d) 241, 250, 317 P. (2d) 908 (1957), this court held it was erroneous for the trial court to submit fourteen instructions treating specifically with contributory negligence in view of the facts presented. This court, however, has always recognized the rule that it is within the discretion of the trial court to determine how many instructions should be given regarding each litigant's theory of the case. *Cantrill v. American Mail Line, Ltd.,* 42 Wn. (2d) 590, 599, 257 P. (2d) 179 (1953); *Ulve v. Raymond, supra.*

In instruction No. 7 of the instant case, the court instructed that "the burden of proof shall be upon the party appealing from the Board's order." The court then defined "*prima facie,*" "burden of proof," and "preponderance of the evidence."

 The first paragraph of instruction No. 10 is really not repetitive, for it correlates, for the first time in the instructions, the burden of proof with the court's definition of "proximate cause." If it be considered repetitive, however, a reading of all the instructions leads to the conclusions: undue emphasis is not placed on plaintiff's burden of proof, and the repetition falls far short of an abuse of judicial discretion. *Cantrill v. American Mail Line, Ltd., supra; Ulve v. Raymond, supra.*

The second facet of plaintiff's first assignment of error is more subtle. It is based upon the alleged semantic dis-

tinction between (a) "the incident was a proximate·cause of his condition," as set forth in the first paragraph of the instruction; and (b) "the condition sustained by the plaintiff was a proximate result of the incident" as set forth in the last paragraph.

The first clause proceeds from "incident" to "condition", or result of the incident; the second proceeds from "condition," or result, to "incident." In both, however, the incident and the condition are connected by "proximate cause."

Precision in form may suggest that the first clause be repeated in the last paragraph of the instruction, but we are not convinced by the contention that it was error for the court to instruct in one place from "cause to result" and in another from "result to cause." Repetition of the same rule of law, clothed in different language, does not call for a reversal unless it results in undue emphasis— to the apparent injury of one of the parties—or in confusion. We find neither in instruction No. 10. The instruction did not mislead the jury.

Plaintiff assigns error to the italicized portion of instruction No. 11:

"You are instructed that the plaintiff must establish a causal relationship between the incident occurring in the course of employment and the subsequent disc condition. *This causal relationship must be established by medical testimony.*" (Italics ours.)

Plaintiff urges that this is not a complete and correct statement of the law; that the correct statement of the law is:

" . . . That in an industrial insurance proceeding, the probability of a causal connection between the industrial injury and the subsequent physical condition must be established by the testimony of medical experts, *but the testimony of lay witnesses may be considered in determining whether there is such a connection* [citing cases] to the extent that the evidence offers room for a difference of opinion in the minds of reasonable men." (Italics ours.)

In *Stampas v. Department of Labor & Industries,* 38 Wn. (2d) 48, 50, 227 P. (2d) 739 (1951), this court said:

"The probability of a causal connection between the industrial injury and the subsequent physical condition, must be established by the testimony of medical experts. *Radich v. Department of Labor & Industries,* 10 Wn. (2d) 107, 115 P. (2d) 1022; *Northwest Metal Products v. Department of Labor & Industries,* 12 Wn. (2d) 155, 120 P. (2d) 855."

If a layman observes a sudden and tangible happening of a traumatic nature that produces an immediate or prompt result apparent to one without medical training, it may be error to limit proof of causal relationship to medical testimony; but such is not the case in this instance.

■■ Instructions are governed by the facts proved in each particular case. In *Champagne v. Department of Labor & Industries,* 22 Wn. (2d) 412, 419, 156 P. (2d) 422 (1945), this court quoted from 1 Reid's Branson Instructions to Juries (3d ed.) 1, § 1, as follows:

" 'An instruction is an exposition of the principles of the law applicable to the case in its entirety, or to some branch or phase of the case, which it is the duty of the jury to apply in order to render a verdict establishing the rights of the parties *in accordance with the facts proved.*' " (Italics ours.)

■ Plaintiff's brief is singularly silent in several respects. It does not describe the alleged incident which resulted in his subsequent condition; it contains neither reference to lay testimony nor page reference to the record of lay testimony germane to the question of causal connection between the alleged incident and plaintiff's condition, except for a parenthetical statement that plaintiff and a Mr. Torval Steen testified.

We conclude that instruction No. 11 is not erroneous under the facts proved by the record.

Plaintiff's third assignment of error is directed to the italicized portion of instruction No. 13:

"*Medical testimony as to the possibility of a causal relationship between the incident and the disc condition is not sufficient, standing alone, to establish such relationship.* By testimony as to possibility is meant testimony which is confined to words of speculation and conjecture indicating the possibility of the existence of causal relation-

ship, and does not include words indicating the probability of its existence. It is not sufficient to establish that the incident could cause, can cause or *probably could cause* such condition." (Italics ours.)

■■ Plaintiff excepted to the first sentence of instruction No. 13 on the ground that it "speaks of the sufficiency of the testimony, which is a matter of law for the court to determine and not for the jury." We do not agree. It only designates the *"possibility* of a causal relationship" as insufficient; it does not treat with the sufficiency of testimony. It is the function of the trial court to determine the legal sufficiency of the evidence to take the case to the jury. It is the function of the jury, under proper instructions, to determine whether they have been persuaded by the evidence. The challenged portion of the instruction merely advises the jury, in negative form, of the quantum of certainty required for the plaintiff to prevail on this issue.

■ In *Stampas v. Department of Labor & Industries, supra,* p. 51, this court said:

". . . Medical testimony that there is a *possibility* of a causal relation is not sufficient to establish causation. It must be made to appear that the injury *probably* caused the disability. *Boyer v. Department of Labor & Industries,* 160 Wash. 557, 295 Pac. 737; *Seattle-Tacoma Shipbuilding Co. v. Department of Labor & Industries,* 26 Wn. (2d) 233, 173 P. (2d) 786.

■ The second portion of plaintiff's third assignment of error is governed by the *rationale* of this court's decision in *Rambeau v. Department of Labor & Industries,* 24 Wn. (2d) 44, 49, 163 P. (2d) 133 (1945), wherein we said:

"A case for the jury is not made out by expert evidence when it is shown that a condition might have, or *could probably* have been brought about by a certain happening. [Citing cases.]" (Italics ours.)

We see no distinction between "could probably" and "probably could." It is only a matter of euphony.

Finally, plaintiff assigns error to the last sentence of instruction No. 14, which states:

". "However, if one or more of the essential assumed facts of the hypothetical question is not proved, then you will give no weight to the opinion based on the hypothetical question."

In the absence of a showing to the contrary, we assume there is testimony in the record, if believed by the jury, to support the hypothesis of the unidentified hypothetical question. Based on this assumption, we find the questioned sentence correct as an abstract statement of law. It does not, as plaintiff urges, pass to the jury the court's duty of determining the relevancy of the evidence.

The judgment is affirmed.

MALLERY, DONWORTH, OTT, and HUNTER, JJ., concur.

