■ In the Matter of the Claim of MARK ESPOSITO, Respondent, v. N. Y. S. WILLOWBROOK STATE SCHOOL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed March 9, 1971, and amended by decision filed July 6, 1971, which upheld an award for disability resulting from an occupational disease. Claimant was employed as a food service worker at the Willowbrook State School, an institution for the mentally retarded operated by the Department of Mental Hygiene, for a day and a half on July 3 and 4, 1969. He prepared food, served it and, after the patients finished eating, cleaned up and washed the dishes. He served about 250 patients in the course of a day. Seven weeks later, on August 25, he went to Dr. Poritz who diagnosed his condition as acute infectious hepatitis. There is no proof that he came in contact with a particular patient or patients suffering from infectious hepatitis and the only competent evidence that any Willowbrook patients were suffering from the disease is contained in the hospital director's letter stating that "Infectious Hepatitis is endemic at Willowbrook State School." Although a communicable disease such as infectious hepatitis, when contracted by a hospital employee, is an occupational disease under paragraph 29 of subdivision 2 of section 3 of the Workmen's Compensation Law (see *Matter of Harman* v. *Republic Aviation Corp.*, 298 N. Y. 285, 289), an award cannot be sustained in the absence of proof that the employee was exposed to the disease in the course of employment (*Matter of Miller* v. *City of New York*, 282 N. Y. 707; *Matter of Williams* v. *Buffalo Gen. Hosp.*, 28 A D 2d 777; *Matter of Maher* v. *St. Mary's Hosp.*, 3 A D 2d 875). Claimant's employment was so brief and the medical testimony so inadequate that any conclusion that he contracted the disease during employment is sheer speculation. Dr. Poritz, in effect, admitted that he did not know whether the patients to whom claimant was exposed were ill with hepatitis or carriers thereof. (Cf. *Matter of Shannon* v. *Grumman Aircraft*, 29 N Y 2d 786.) Decision reversed, with one bill of costs to appellants against the Workmen's Compensation Board, and matter remitted for further proof on the issue of causal relation. Herlihy, P. J., Greenblott, Cooke, Simons and Kane, JJ., concur.