■ In the Matter of MARK ESPOSITO, Respondent, v. N. Y. S. WILLOW-BROOK STATE SCHOOL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed December 28, 1973, which awarded compensation for disability resulting from an occupational disease. On a previous appeal this court remitted the matter for further proof on the issue of causal relation (38 A D 2d 985). The sole issue raised on the instant appeal is whether there is substantial evidence to support the board's determination that claimant contracted infectious hepatitis as a result of his exposure to the disease while employed at the Willowbrook State School. While there is no evidence in the present record that claimant came in close contact with a specific patient at the school who was diagnosed as suffering from infectious hepatitis, there is medical testimony that direct contact with an individual who has the disease is unnecessary. Concededly, infectious hepatitis was endemic at Willowbrook during the period in question. Dr. Mantell testified after the matter was remitted that there were among the patients at Willowbrook a certain number of carriers of this disease at all times; that they carried the infection in their stool and it was transmitted in this manner. The record reveals that claimant worked in the kitchen and dining room serving food to 250 retarded children between the ages of three and seven; that there were five feedings of 50 children in each feeding; and that the children dirtied themselves with vomit and stool which claimant had to clean off the dishes and the chairs on which they sat. In Dr. Mantell's opinion, based on his 20 years of experience at Willowbrook, there was a strong likelihood that claimant, working in the dining room and kitchen as he did, came into contact with carriers of infectious hepatitis and contracted the disease as a result of his exposure to the infection carried in fecal material handled by him. Dr. Brandaleone did not exclude the possibility that claimant caught the disease at the school. While there is a conflict of medical opinion as to whether claimant contracted the disease as a result of exposure to hepatitis at Willowbrook, there is substantial medical evidence of causal relation and

the board's determination should, therefore, be upheld. (*Matter of Shepard v. Tioga Gen. Hosp.*, 35 A D 2d 764; *Matter of Lachowicz v. Albany Med. Center Hosp.*, 30 A D 2d 1004; see, also, *Matter of Herdick v. New York Zoological Soc.*, 45 A D 2d 120.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Reynolds, JJ., concur.