[No. 2303–3. Division Three. May 31, 1978.]

SACRED HEART MEDICAL CENTER, *Appellant,* v. NORMA JEAN CARRADO, *Respondent.*

*Winston, Cashatt, Repsold, McNichols, Connelly & Driscoll* and *Michael J. Cronin*, for appellant.

*Campbell, Johnston & Roach* and *Patrick T. Roach*, for respondent.

MUNSON, C.J.—Plaintiff Sacred Heart Medical Center appeals a judgment after a jury verdict holding that the Board of Industrial Insurance Appeals correctly determined that defendant's hepatitis was an occupational disease.[1]

Defendant Norma Carrado was employed at Sacred Heart Medical Center from approximately September 1971 to June 1973 and was continuously employed in the intensive care unit for the 6 months preceding discovery that she had contracted hepatitis. The intensive care unit includes general intensive care, postoperative heart recovery and acute kidney dialysis treatment. Mrs. Carrado's duties included caring for critical surgical and medical patients whose afflictions ranged from contagious diseases to post–surgical complications and respiratory problems.

In late May of 1973, Mrs. Carrado became aware that she had hepatitis. On June 26, 1973, she filed with the Department of Labor and Industries her claim for an occupational disease contracted during employment. On August 21, 1973, the Department rejected her claim; the hearing examiner had determined that Mrs. Carrado had failed to show that

---

[1]An employee contracting an occupational disease is entitled to the same benefits as an injured employee. RCW 51.32.180.

her hepatitis arose naturally and proximately from her employment at the hospital. Mrs. Carrado appealed this determination to the Board of Industrial Insurance Appeals. The board reversed the hearing examiner's decision and concluded that Mrs. Carrado's hepatitis was a natural and proximate result of her employment. Sacred Heart Medical Center appealed the board's decision to the Superior Court. The court, after trial, entered judgment on the jury verdict affirming the board's decision.

An occupational disease is "such disease or infection as arises naturally and proximately out of employment . . ." RCW 51.08.140. In discussing an occupational disease in relation to proximate cause, the court in *Simpson Logging Co. v. Department of Labor & Indus.*, 32 Wn.2d 472, 479, 202 P.2d 448 (1949), stated:

> The legislature is presumed to have been familiar with the meaning of "proximate cause" as used by the courts, and that being so, when they defined as an occupational disease those diseases or infections as arise naturally and *proximately* out of extrahazardous employment, it would follow that they meant that the condition of the extrahazardous employment must be the proximate cause of the disease for which claim for compensation is made, and that the cause must be proximate in the sense that there existed no intervening independent and sufficient cause for the disease, so that the disease would not have been contracted but for the condition existing in the extrahazardous employment.

Mrs. Carrado had the burden of establishing by medical testimony the causal relationship between her contraction of hepatitis and her employment at Sacred Heart Medical Center. *Sawyer v. Department of Labor & Indus.*, 48 Wn.2d 761, 296 P.2d 706 (1956); *Ehman v. Department of Labor & Indus.*, 33 Wn.2d 584, 206 P.2d 787 (1949); *Rambeau v. Department of Labor & Indus.*, 24 Wn.2d 44, 163 P.2d 133 (1945). It appears to be well settled that medical testimony which indicates only a possibility of a causal relationship is not sufficient. The testimony must indicate the probability or likelihood of a causal relation between, in

this case, the disease and the employment. *Seattle–Tacoma Shipbuilding Co. v. Department of Labor & Indus.*, 26 Wn.2d 233, 241, 173 P.2d 786 (1946). *See also Sawyer v. Department of Labor & Indus., supra.* The court in *Cline v. Department of Labor & Indus.*, 50 Wn.2d 614, 616–17, 313 P.2d 687 (1957) stated:

> The rule is established that medical testimony as to the possibility of a causal relation between . . . [an] injury and the subsequent . . . impaired physical . . . condition of the person injured is not sufficient, standing alone, to establish such relation, but there must be testimony of the probability or likelihood of its existence.

*Cf. Barrett v. Department of Labor & Indus.*, 52 Wn.2d 439, 441, 325 P.2d 896 (1958).

■ If there is substantial evidence to support the jury's verdict, that verdict should be upheld on appeal. *Cline v. Department of Labor & Indus., supra* ; *Ehman v. Department of Labor & Indus., supra; Omeitt v. Department of Labor & Indus.*, 21 Wn.2d 684, 152 P.2d 973 (1944). Substantial evidence is "that character of evidence which would convince an unprejudiced, thinking mind of the truth of the fact to which the evidence is directed." *Omeitt v. Department of Labor & Indus., supra* at 686.

Mrs. Carrado testified that in performing her duties in the intensive care unit her skin was often cut, broken or scraped by instruments and containers and it was common for her to come in contact with the patients' blood, spittle, urine, vomit and excrement. She testified that she had few outside activities and knew of no exposure, aside from the hospital, from which she could have come in contact with hepatitis.

The testimony of Dr. Carrado and Dr. Stacey at the appeals board hearing was read to the jury at trial. Dr. Carrado testified that hepatitis could be transmitted through waste products or through blood products, and he assumed that Mrs. Carrado's hepatitis had been transmitted by blood products. Dr. Stacey testified that employees of a hospital were "more likely to get hepatitis" than

employees of factories; but Dr. Stacey also testified that it was impossible to determine the mode of contracting any hepatitis.

There was no testimony, however, that there had ever been a patient or employee of Sacred Heart Medical Center that had hepatitis, much less that Mrs. Carrado came in contact with such a patient. In *Barber v. Industrial Comm'n*, 25 Ariz. App. 486, 544 P.2d 703 (1976), a doctor's medical assistant who contracted hepatitis had been exposed twice with two hepatitis patients. There the court found that, while the exact method of contracting hepatitis was unknown, the medical assistant had been exposed to sufficient contacts to bring the factual question within a reasonable medical certainty and supported granting the claim. In *Books v. Industrial Comm'n*, 92 Ariz. 302, 376 P.2d 769 (1962), an employee of a mortuary, who had handled the body of a person who had died of hepatitis, was denied a claim because the attending physician was unable to state whether he could have contracted hepatitis in this manner.

Here, there is insufficient evidence to show that Mrs. Carrado came in contact with anyone who had been exposed or subject to this disease. While the medical testimony stated that it is more probable that a nurse in a hospital would come in contact with such a disease than a factory worker, that in and of itself does not establish that she did come into such contact. We recognize that direct evidence is not the only criteria and that it may be possible to show such contact circumstantially. Here there is no evidence whatsoever of any contact with a hepatitis patient or that there has ever been a patient in Sacred Heart who had hepatitis.[2] Thus, we find that the court should have granted Sacred Heart Medical Center's motion for judgment notwithstanding the verdict because of insufficient evidence.

[2] In *Esposito v. N.Y.S. Willowbrook State School*, 46 App. Div. 2d 969, 362 N.Y.S.2d 54 (1974), the court found on remand (38 App. Div. 2d 985, 329 N.Y.S.2d 355 (1972)) that patients in a mental retardation school had been

290

Judgment is reversed and the claim dismissed.

GREEN and McINTURFF, JJ., concur.

Reconsideration denied June 28, 1978.

Review granted by Supreme Court November 17, 1978.

exposed to hepatitis. Infectious hepatitis was held, however, to have been endemic at the school during the time in question. For claims based on tuberculosis, New York courts have held a need to show contact or exposure to a hospital patient. *See Williams v. Buffalo Gen. Hosp.,* 28 App. Div. 2d 777, 280 N.Y.S.2d 699 (1967); *Maher v. St. Mary's Hosp.,* 3 App. Div. 2d 875, 161 N.Y.S.2d 243 (1957).