# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

JOHN G. GEHMAN,

        Appellant,

v.

DEPARTMENT OF LABOR AND
INDUSTRIES,

        Respondent.

No. 75409-2-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: October 9, 2017

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2017 OCT -9 AM 9: 15

LEACH, J. — John Gehman appeals the superior court's judgment affirming his industrial insurance award from the Board of Industrial Insurance Appeals (Board). As a claimant seeking additional medical treatment, time loss, and permanent disability benefits, Gehman had the burden of producing medical evidence proving his claims. Because he did not present any medical evidence supporting his claims, we affirm the superior court.

## Background

Gehman sustained an industrial injury while working at W.G. Clark Construction Company on December 29, 2005. A coworker pushed him, and he landed on his outstretched right hand. As a result, Gehman suffered right wrist injuries and a psychological condition. In September 2012, the Department of Labor and Industries (Department) closed Gehman's claim. It found that he had a permanent partial disability of the right arm and a category 2 permanent mental health impairment.

Gehman appealed the closing order to the Board. He disputed the Department's medical determinations, contending there were several "multiple contradictory medical opinions accepted as valid determinations." The industrial appeals judge (IAJ) issued a proposed decision and order affirming the Department's decision. Gehman asked the Board to review this decision. The Board affirmed the Department. Gehman appealed the Board's decision to the superior court. The superior court affirmed the Board's decision.[1] Gehman appeals to this court.

## Analysis

Gehman challenges the following superior court finding of fact and its decision affirming the Board: "Based on the entire record there is insufficient evidence to show that John G. Gehman is entitled to an additional award of time-loss compensation benefits, proper and necessary medical treatment, permanent partial disability, or permanent total disability."

We review a superior court's decision in an industrial insurance appeal under the usual civil standards.[2] We review the trial court's findings of fact for substantial evidence.[3] We review de novo whether the findings in turn support the court's conclusions.[4] Substantial evidence is evidence "sufficient to persuade a rational fair-minded person the

---

[1] The court did not include the Board's findings of fact 3 through 10 and conclusions of law 2 through 4 by agreement of the parties.

[2] RCW 51.52.140; Rogers v. Dep't of Labor & Indus., 151 Wn. App. 174, 180-81, 210 P.3d 355 (2009); City of Bellevue v. Raum, 171 Wn. App. 124, 139, 286 P.3d 695 (2012).

[3] Ruse v. Dep't of Labor & Indus., 138 Wn.2d 1, 5, 977 P.2d 570 (1999).

[4] Rogers, 151 Wn. App. at 180.

premise is true."[5] We do not reweigh competing testimony and inferences.[6] We view the record and all reasonable inferences in the light most favorable to the prevailing party.[7]

Gehman had the burden to present medical evidence to support his challenge to the closing order.[8] Before the Board hearing, the IAJ informed Gehman that the law required him to present a medical witness in order to prove his claim for additional treatment and/or permanent partial disability as a result of his workplace injury. The IAJ counseled Gehman that he could not just accept lay testimony for the issue. The IAJ then sent a follow-up letter to Gehman, once again explaining that to obtain further treatment or permanent partial disability, Gehman would need to have a medical witness. And again, at a subsequent conference, the IAJ explained that she could not consider the doctor's notes in the Department's files and that Gehman needed a medical expert.

Gehman did not present any medical witnesses to support his appeal. Instead, Gehman presented his own testimony and offered numerous exhibits, including medical records and reports.[9] The Department objected to the admission of the medical documents because they were hearsay.

Gehman offered the following exhibits that were not admitted because of hearsay:

Exhibit 112 — independent medical examination report of Dr. George Henriksen
Exhibit 115 — 8/5/09 report of Dr. John Shelton

---

[5] Sunnyside Valley Irrig. Dist. v. Dickie, 149 Wn.2d 873, 879, 73 P.3d 369 (2003).
[6] Fox v. Dep't of Ret. Sys., 154 Wn. App. 517, 527, 225 P.3d 1018 (2009).
[7] Pilcher v. Dep't of Revenue, 112 Wn. App. 428, 435, 49 P.3d 947 (2002).
[8] RCW 51.52.050(2)(a).
[9] Exhibits 1 through 108 were not admitted as substantive evidence regarding the claims for additional treatment, time loss, or permanent disability benefits.

Exhibit 116 — letter from Peggy Parish to Dr. John Shelton
Exhibit 119 — independent medical examination report of Dr. Michael Friedman
Exhibit 120 — report of Dr. Michael Friedman
Exhibit 121 — addendum to Dr. Friedman's report
Exhibit 122 — addendum to Dr. Blue's report
Exhibit 123 — Dr. Michel Santoro report
Exhibit 124 — letter addressed to Dr. Santoro
Exhibit 125 — impairment rating exam by Dr. Shelton
Exhibit 133 — treatment plan by Dr. Shelton

Before the superior court, Gehman continued to argue that doctors treated him for a different diagnosis than the one the Department accepted as caused by his injury. He relied on the billing codes in payment records for this position. For example, exhibits 113 and 114 show a diagnosis for a 296.20 major depressive disorder while medical records submitted to the Department showed that he had a 311 depression disorder. He also claimed that RCW 51.52.080 required the Board to consider the medical records he offered because they were included in the Department's original record transmitted to the Board. RCW 51.52.080 provides,

> If the notice of appeal raises no issue or issues of fact and the board finds that the department properly and lawfully decided all matters raised by such appeal it may, without further hearing, deny the same and confirm the department's decision or award, <u>or if the department's record sustains the contention of the person appealing to the board, it may, without further hearing, allow the relief asked in such appeal</u>; otherwise, it shall grant the appeal.

(Emphasis added.)

But the IAJ and the Board operate under the rules of evidence. WAC 263-12-115(3) states that objections to the admission or exclusion of evidence shall state the

legal grounds of objection relied on.[10] And WAC 263-12-115(4) states that all rulings on the objections to admissibility shall be in accord with the rules of evidence applicable in the superior courts.[11] ER 802 provides that hearsay is not admissible except in certain circumstances. ER 801(c) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

Because Gehman offered the medical records and reports for the truth of the opinions asserted in them, they clearly fell within the hearsay rule bar. Gehman has not identified any applicable exception to this bar. The trial court correctly upheld the Board's decision not to admit the records. And because they were inadmissible, Gehman's argument that RCW 51.52.080 permitted the Board to consider the merits of his case based on his file also fails.

And, as the superior court noted, many of the records that Gehman offered would in fact have hurt his appeal. For example, exhibit 119 noted that Gehman's alcohol abuse was not related to his industrial injury and that additional curative psychiatric treatment

---

[10] "**Objections and motions to strike.** Objections to the admission or exclusion of evidence shall be in short form, stating the legal grounds of objection relied upon. Extended argument or debate shall not be permitted."

[11] **Rulings.** The industrial appeals judge on objection or on his or her own motion shall exclude all irrelevant or unduly repetitious evidence and statements that are inadmissible pursuant to WAC 263-12-095(5). All rulings upon objections to the admissibility of evidence shall be made in accordance with rules of evidence applicable in the superior courts of this state.

was not indicated under the claim. The superior court noted that other exhibits contained similar assertions not helpful to Gehman's appeal.

Gehman also argued that the admitted records showed that the Department paid for treatment with diagnostic codes incompatible with the diagnoses that Gehman actually had. As an example, the Department accepted an injury to his right wrist, but billing records show treatment for a disarticulation of his shoulder. Thus, Gehman argues that the documents should have been sufficient to sustain his appeal because they show errors in Department decisions about his case.

Gehman also claims that these billing record discrepancies relieved him from any obligation to present a medical witness to substantiate his appeal. But, as noted in Fochtman v. Department of Labor & Industries,[12] "The determination of loss of function in a permanent partial disability case is necessarily a medical question. Medical testimony is necessary to establish permanent partial disability." The Fochtman court further noted that total disability was a combination of medical and vocational factors "the medical fact of loss of function and disability, together with the inability to perform and the inability to obtain work as a result of . . . industrial injury."[13] When an appeal involves the extent of disability produced by an injury, the claimant must produce expert medical witness testimony to support his or her claim of eligibility for benefits of coverage.[14] This

---

[12] 7 Wn. App. 286, 294, 499 P.2d 255 (1972).
[13] Fochtman, 7 Wn. App. at 294.
[14] Jackson v. Dep't of Labor & Indus., 54 Wn.2d 643, 647-48, 343 P.2d 1033 (1959) (quoting Stampas v. Dep't of Labor & Indus., 38 Wn.2d 48, 50, 227 P.2d 739 (1951)).

Gehman did not do. Thus, the trial court correctly found that the record contains no evidence supporting Gehman's appeal.

Affirmed.

_Leach, J._

WE CONCUR:

_Dwyer, J._            _Cox, J._