IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| COLEMAN D. TURNER, | ) | No. 80433-2-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| STATE OF WASHINGTON, DEPARTMENT OF LABOR AND INDUSTRIES, | ) | |
| Respondent. | ) | |

SMITH, J. — The Board of Industrial Insurance Appeals (Board) dismissed Coleman Turner's appeal from a denial of workers' compensation benefits, and the superior court affirmed the dismissal. Because Turner did not present any medical testimony to establish a causal connection between his industrial injury and his subsequent physical condition, the superior court did not err by affirming the Board's dismissal. Additionally, Turner waived his challenges to the industrial appeals judge's (IAJ) evidentiary rulings. We affirm.

FACTS

On November 7, 2016, Turner was finishing out a day of work as an interior painter for Brunstad Construction (Brunstad) when he fell onto a concrete floor. Turner later testified that he was exiting through the kitchen of an unfinished house down to the garage, which was "almost waist . . . down" from

Citations and pin cites are based on the Westlaw online version of the cited material.

the kitchen. There were no stairs, and Turner recalled that either his hand slipped off the doorjamb or he rolled his ankle and he "fell on [his] back onto the concrete floor." Although there was one other person on site, no one saw Turner fall. Turner later testified that the fall "knocked the wind out of [him] a bit, and then [he] got up [and] shook it off." He testified that he "got [him]self together" and "was like, well, we'll see, you know, how this plays out." Turner testified that he "didn't know how bad [he] was hurt at the time or anything else."

Turner later recalled that the next day, he felt "[s]ore, achy, not flexible" and did not go to work. He "gave it another day," and on November 10, 2016, he went to the emergency room (ER) at the Grays Harbor Community Hospital, where he completed a Department of Labor and Industries (Department) Report of Accident form.

On November 29, 2016, the Department issued a Notice of Decision stating that Turner's "claim for the industrial injury that occurred on 11/07/2016 . . . is allowed." On January 26, 2017, following a protest by Brunstad and reconsideration by the Department, the Department issued a Notice of Decision rejecting Turner's claim (January 2017 Notice). The January 2017 Notice provided:

> This claim for benefits filed on 11/18/2016 while working for BRUNSTAD . . . is hereby rejected as an industrial injury or occupational disease for the following reasons(s):
>
> That there is no proof of a specific injury at a definite time and place in the course of employment.
>
> That claimant's condition is not the result of an industrial injury as

2

defined by the industrial insurance laws.

That the claimant's condition is not an occupational disease as contemplated by section 51.08.140 RCW.

Any and all bills for services or treatment concerning this claim are rejected, except those authorized by the department.

This order corrects and supersedes the Allowance Order dated 11/29/2016[.]

On June 27, 2017, following additional protests by Turner and his counsel, the Department issued a Notice of Decision affirming the January 2017 Notice (June 2017 Notice). Turner appealed to the Board, the Board granted Turner's appeal on July 25, 2017, and a hearing was held before an IAJ on April 13, 2018.

At the hearing, Turner was the sole witness on his behalf. As he was testifying about his November 10, 2016, visit to the ER, he explained that he had "seen the emergency ER doctor and she sent [him] in to get x-rays and, you know, tests and stuff." Turner's counsel then asked Turner, "And so when you went there, what did – what was the doctor's recommendation or direction to you as far as your back was concerned?" When the Department objected to this line of questioning on hearsay grounds, the IAJ asked Turner's counsel, "[I]s this the end of your questioning on this topic? You're trying to elicit the doctor's testimony, that would be hearsay. If you're . . . trying to explain what the witness did and why he did it later on, then it could be admitted for another purpose." Turner's counsel responded, "I'm just trying to have him testify to his state of mind following his examination with the doctor." The IAJ then sustained the Department's objection.

Later, Turner sought to admit the Report of Accident form he had

completed at the ER.  When shown the form, Turner testified that he "filled out [the form] all the way down to where I have signed and dated it," and that the bottom of the form—specifically, a section marked "Health Care Provider Information"—had been completed by someone else.  Turner testified that he was not present when the bottom part of the form was completed.

When the Department objected to the admission of the bottom part of the form as hearsay, Turner's counsel explained that he had planned to have someone from the hospital testify and authenticate Turner's hospital records but "didn't call that doctor when I found this document."  Turner's counsel also explained, "I'm not offering this exhibit for . . . any medical purpose.  It's only to show that he did go to the hospital and what he reported about the accident at that time."  The IAJ admitted the Report of Accident form in part, excluding the bottom part of the form that Turner did not complete.  The excluded part of the form indicated that the physician who examined Turner at the ER had diagnosed Turner with lumbar strain and lumbar radiculopathy.  Additionally, on the excluded part of the form, the box for "PROBABLY (51% or more)" was checked under the question, "Was the diagnosed condition caused by this injury or exposure?"

After Turner rested his case, the Department moved to dismiss under WAC 263-12-11801 and CR 41(b)(3).[1]  The Department argued that dismissal

---

[1] Under WAC 263-12-11801(1)(b), "[a] motion to dismiss for failure to present a prima facie case may be made at any time prior to closure of the record."  CR 41(b)(3) provides that "in an action tried by the court without a jury," a defendant may move to dismiss following the plaintiff's presentation of

4

was warranted because Turner had failed to establish "that [his] injury was the cause of [his] disability . . . through competent medical testimony." Turner opposed the motion, asserting that "there was no contention by the Department in [its] order that [Turner's] condition . . . wasn't related to this accident." In response, the Department pointed out that in the January 2017 Notice, "the Department [did] list on the – in the third paragraph there that the claimant's condition is not the result of an industrial injury as defined by the industrial insurance laws."

The IAJ reserved ruling on the Department's motion to dismiss, and the Department presented its case. At the close of its case, the Department argued again in support of dismissal due to the lack of medical testimony to establish "the causal relationship between the physical condition and the accident." The IAJ took the matter under advisement. On June 19, 2018, the IAJ issued a proposed decision and order dismissing Turner's appeal of the June 2017 Notice for failure to establish a prima facie case. The IAJ explained that "[i]f an industrial accident causes an internal injury of the worker, the nature of the injury and its relationship to the industrial accident requires expert testimony."

On July 11, 2018, Turner petitioned the Board for review of the IAJ's proposed decision and order. The Board denied Turner's petition, and the IAJ's proposed decision and order became the Board's decision and order. Turner then sought judicial review before the superior court. The superior court affirmed

---

evidence "on the ground that upon the facts and the law the plaintiff has shown no right to relief."

the Board's dismissal of Turner's appeal of the June 2017 Notice.  Turner appeals.

ANALYSIS

Dismissal of Turner's Appeal

Turner contends that the superior court erred by affirming the Board's dismissal of his appeal of the June 2017 Notice.  We disagree.

The Washington Industrial Insurance Act (IIA), Title 51 RCW, governs judicial review of workers' compensation determinations.  Rogers v. Dep't of Labor & Indus., 151 Wn. App. 174, 179, 210 P.3d 355 (2009).  Under the IIA, a worker aggrieved by the decision and order of the Board may appeal to the superior court.  RCW 51.52.110.  The superior court may review "only such issues of law or fact . . . as were properly included in the notice of appeal to the board, or in the complete record of the proceedings before the board."  RCW 51.52.115.  "The hearing in the superior court shall be de novo, but the court shall not receive evidence or testimony other than, or in addition to, that offered before the board or included in the [board] record."  RCW 51.52.115.  "[T]he findings and decision of the board shall be prima facie correct and the burden of proof shall be upon the party attacking the same."  RCW 51.52.115.  "If the court shall determine that the board has acted within its power and has correctly construed the law and found the facts, the decision of the board shall be confirmed; otherwise it shall be reversed or modified."  RCW 51.52.115.

Our review of a superior court's decision under the IIA is governed by RCW 51.52.140, which states that "[a]ppeal shall lie from the judgment of the

superior court as in other civil cases." This statutory scheme dictates a different role for this court than is typical for appeals from administrative decisions governed by the Administrative Procedure Act, chapter 34.05 RCW, in that instead of sitting in the same position as the superior court, we review the superior court's decision as we would its decision in any other civil case. See Rogers, 151 Wn. App. at 180; see also Hill v. Dep't of Labor & Indus., 161 Wn. App. 286, 292, 253 P.3d 430 (2011) (applying de novo standard of review to superior court's decision to grant Department's motion for summary judgment).

Here, the superior court's decision was one affirming the Board's dismissal of Turner's appeal under CR 41(b)(3), which provides for "dismissal on the ground that upon the facts and the law the plaintiff[, having completed the presentation of evidence,] has shown no right to relief."[2] Specifically, the superior court determined as a matter of law that Turner "failed to present a prima facie case, as he failed to establish through medical testimony that there was a causal connection between his alleged industrial injury and his alleged subsequent physical condition." Therefore, our review is de novo, and the question on appeal is whether Turner presented a prima facie case, viewing the evidence in the light most favorable to him. In re Dependency of Schermer, 161 Wn.2d 927, 939-40, 169 P.3d 452 (2007). We conclude that he did not.

"A workers' compensation claimant bears the burden of establishing eligibility for benefits." Robinson v. Dep't of Labor & Indus., 181 Wn. App. 415,

---

[2] Under RCW 51.52.140 and WAC 263-12-125, the civil rules for superior court apply to proceedings before the Board. Kingery v. Dep't of Labor & Indus., 132 Wn.2d 162, 172, 937 P.2d 565 (1997).

426, 326 P.3d 744 (2014). "In order to receive workers' compensation benefits pursuant to the IIA, the claimant must prove he is a 'worker injured in the course of his or her employment.'" Robinson, 181 Wn. App. at 426 (quoting RCW 51.32.010). RCW 51.08.100 defines "injury" as "a sudden and tangible happening, of a traumatic nature, producing an immediate or prompt result, and occurring from without, and such physical conditions *as result therefrom*." (Emphasis added). In other words, a physical condition constitutes an injury for which benefits are available only to the extent that there is a causal connection between the injury and the condition.

"The probability of a causal connection between the industrial injury and the subsequent physical condition[ ] must be established by the testimony of medical experts." Stampas v. Dep't of Labor & Indus., 38 Wn.2d 48, 50, 227 P.2d 739 (1951); see also Jackson v. Dep't of Labor & Indus., 54 Wn.2d 643, 647-48, 343 P.2d 1033 (1959) (affirming correctness of jury instruction stating that causal relationship between the incident occurring in the course of employment and the claimant's subsequent back condition "'must be established by medical testimony'" (emphasis omitted)). Furthermore, the testimony must establish that the injury *probably* caused the condition, not merely "that there is a *possibility* of a causal relation." Stampas, 38 Wn.2d at 51.

Here, Turner did not present any testimony from a medical expert establishing the probability of a causal connection between his fall at work and his subsequent back condition. And without that expert testimony, Turner "show[ed] no right to relief." CR 41(b)(3). Therefore, the trial court did not err by

affirming the Board's dismissal of Turner's appeal.

Turner disagrees and contends that his own testimony was "sufficient to meet the standard required for proof of injury under RCW 51.[0]8.100 without a physician's medical testimony." He relies on Jackson, in which the court stated, in dictum, "If a layman observes a sudden and tangible happening of a traumatic nature that produces an immediate or prompt result apparent to one without medical training, it may be error to limit proof of causal relationship to medical testimony." 54 Wn.2d at 648. But Jackson itself involved a claimant who, like Turner, sought to establish that an industrial injury caused a back condition. See Jackson, 54 Wn.2d at 645, 647. Yet the Jackson court still held that "in this instance," the trial court did not err by instructing the jury that medical testimony was required to establish the requisite causal connection. 54 Wn.2d at 648. Furthermore, although Turner avers that "[t]he knowledge of lay persons concerning medical conditions has continued to grow since the Jackson case in 1959," he points us to no case holding that lay testimony alone is sufficient to establish a causal connection between a back condition and an industrial injury. Therefore, we are not persuaded that Turner's testimony was sufficient.

Turner also argues that reversal is required because the Department's January 2017 Notice in which it rejected Turner's claim did so only on the basis that "there was not proof he was injured in the course of his employment, and . . . his condition or injury was not an occupational disease." But Turner is incorrect. As both the Department and the IAJ pointed out to Turner's counsel at the April 2018 hearing, the January 2017 Notice expressly provided that Turner's claim

was "hereby rejected as an industrial injury or occupational disease" for *three* reasons: (1) "there [was] no proof of a specific injury . . . in the course of employment," (2) Turner's condition was not an occupational disease, *and (3) Turner's "condition [was] not the result of an industrial injury as defined by the industrial insurance laws.*" (Emphasis added.) Therefore, Turner's argument fails.

As a final matter, Turner contends that reversal is required because the Department initially accepted his claim and it is "[un]fair to the worker to have th[e] additional burden and cost to have medical testimony live or by deposition when the Department accepted his medial findings from Grays Harbor Community Hospital." But he cites no authority for the proposition that the Department's initial acceptance of his claim relieved him of his burden to establish his entitlement to benefits. Cf. McDonald v. Dep't of Labor & Indus., 104 Wn. App. 617, 623-24, 17 P.3d 1195 (2001) (Department's order reopening claim was not an admission of causal relationship between condition and injury where Department later superseded and vacated the order). And he ignores WAC 263-12-115(10), which provides a mechanism for requesting or agreeing to telephonic witness testimony in lieu of live testimony or perpetuation deposition. Turner's contention is unpersuasive.

Evidentiary Rulings

Turner contends that the IAJ erred by excluding the "Health Care Provider Information" part of the Report of Accident form and by not permitting Turner to testify as to what the ER doctor told him regarding his back. Because Turner

failed to preserve these issues for appeal, we disagree.

Under RCW 51.52.104, a petition for review to the Board "shall set forth in detail the grounds therefor and the party or parties filing the same shall be deemed to have waived all objections or irregularities not specifically set forth therein." Turner's petition for review stated only as follows:

> The claimant Petitions for Review on the following basis:
>
> A. The preponderance of evidence shows claimant was injured on the job. There is no contra evidence and claimant was taken off work by the doctor at Grays Harbor Hospital Emergency Department. The claimant should be entitled to time loss benefits and medical treatment.
>
> B. The Claimant hereby appeals each and every part of the Decision and Order dated June 19, 2018.

In other words, Turner's petition for review did not designate any of the IAJ's evidentiary rulings for review. Indeed, Turner did not make even a *general* objection to the IAJ's evidentiary rulings, as expressly permitted under the Board's regulations. See WAC 263-12-145(4) ("A petition for review shall set forth in detail the grounds for review. A party filing a petition for review waives all objections or irregularities not specifically set forth therein. . . . *A general objection to all evidentiary rulings adverse to the party shall be considered adequate compliance with this rule.*" (emphasis added)); cf. Garrett Freightlines, Inc. v. Dep't of Labor & Indus., 45 Wn. App. 335, 346, 725 P.2d 463 (1986) (holding that plaintiff was deemed to have waived an issue that it failed to raise in its petition for review, and thus, neither Board nor superior court had jurisdiction to declare findings or conclusions on the issue).

Furthermore, even though the superior court may rule independently on

evidentiary questions, "as an appellate tribunal, it can only pass upon those matters that have first been presented to the Board and preserved in the Board's record for review." Sepich v. Dep't of Labor & Indus., 75 Wn.2d 312, 316, 450 P.2d 940 (1969). "As a court of review, [the superior court] cannot consider matters outside the record or presented for the first time on appeal." Sepich, 75 Wn.2d at 316; see also Ruff v. Dep't of Labor & Indus., 107 Wn. App. 289, 295, 28 P.3d 1 (2001) (superior court "may consider only evidentiary issues that are objected to at the hearing below on the same grounds and preserved in the record"), overruled on other grounds by Anderson v. Akzo Nobel Coatings, Inc., 172 Wn.2d 593, 260 P.3d 857 (2011).

Here, Turner argues that the Report of Accident form should have been admitted and considered in full as a business record and that his testimony about what the ER doctor told him should have been admitted under ER 803.[3] But these arguments were presented for the first time on appeal to the superior court. Before the Board, Turner offered the Report of Accident form "not for any medical reasons or purposes, but only to show that Mr. Turner did attend the hospital . . . on November 10th." He did not argue that the document was admissible in full as a business record. And Turner offered his testimony regarding what the ER doctor told him to show "[Turner's] state of mind following his examination with the doctor." In other words, before the Board, Turner argued that his testimony was not hearsay. He did not argue, as he did to the superior court, that his

_____

[3] Turner does not specify which hearsay exception in ER 803 he believes applies, but he presumably relies on the exception under ER 803(a)(4) for statements made for purposes of medical diagnosis or treatment.

12

testimony *was* hearsay but nonetheless admissible under ER 803.  For the foregoing reasons, Turner waived any challenge to the IAJ's partial exclusion of the Report of Accident form and his exclusion of Turner's testimony about what the ER doctor told him.

We affirm.

WE CONCUR:

Andrus, A.C.J.